SALAZAR, APPELLANT, *v.* OHIO CIVIL RIGHTS COMMISSION ET AL., APPELLEES.

(No. L-86-344—Decided July 24, 1987.)

*Carla B. Davis,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Larry Y. Chan,* for appellee Ohio Civil Rights Commission.

HANDWORK, P.J. This is an appeal from the Lucas County Court of Common Pleas. In the proceedings below, the trial court heard appellant Vincent Salazar's appeal from a final order of the Ohio Civil Rights Commission (hereinafter "commission"). See R.C. 4112.06(A). The court affirmed the commission's finding that there was no probable cause to believe that appellant's employer, the Mather Company, had engaged in unlawful handicap discrimination when it terminated appellant's employment. The court also granted the commission's motion for summary judgment on appellant's complaint under Section 1983, Title 42, U.S. Code. Appellant had sought a declaratory judgment that the manner in which the commis-

sion disposed of his charge against Mather deprived him of due process of law. Appellant filed a timely notice of appeal from the court's judgment.

## I

On August 16, 1984, appellant reported to work on the third shift at Mather. Appellant received three written reprimands during the course of his shift: first, for leaving his work station; second, for returning to his station in an intoxicated condition that affected the performance of his duties and the safety of others; and third, for refusing to leave the work premises when told to do so. Mather discharged appellant from his employment after reprimanding him for the third time.

On September 6, 1984, appellant, his union, and Mather reached an agreement concerning both the treatment of appellant's alcoholism and the terms of reinstatement to his employment. Mather agreed to reinstate appellant upon "* * * his successful completion of the hospital's recommended treatment * * *." Appellant was admitted to the Toledo Hospital's Alcohol Treatment Center, but was given a "maximum treatment benefit" discharge before completing the program. The hospital cited appellant's negative and unproductive behavior, as well as his failure to make any progress toward treatment goals, as the reasons for the discharge. Subsequently, appellant was denied reinstatement at Mather. Appellant then filed a charge of unlawful handicap discrimination against Mather with the commission.

The commission conducted a preliminary investigation of appellant's charge. See R.C. 4112.05(B). The commission reviewed a letter from Sharon E. Washington, the alcohol counselor at the Toledo Hospital, to Kate Baker, personnel coordinator at Mather. This letter explained why appellant was discharged from the treatment program.

The commission also reviewed an affidavit of Kate Baker, detailing the three reprimands given to appellant on the night of August 16, 1984. The agreement among appellant, his union, and Mather was also considered by the commission. The commission found that Mather had terminated appellant's employment because he failed to successfully complete the treatment program. Accordingly, the commission found that there was no probable cause to believe that appellant had been unlawfully discriminated against on the basis of his handicap.

## II

### A

Appellant has raised four assignments of error on appeal. His first is as follows:

"1. The lower court erred in applying the standard of review of arbitrary, capricious and unlawful to the no probable cause finding of the Ohio Civil Rights Commission rather than the statutorily mandated standard of reliable, probative, and substantial evidence."

The trial court ruled that the commission's final order was not unlawful, irrational, and/or arbitrary and capricious. In so ruling, the court was guided by *McCrea* v. *Ohio Civil Rights Comm.* (1984), 20 Ohio App. 3d 314, 20 OBR 416, 486 N.E. 2d 143. In *McCrea,* the court of appeals specifically held that the reliable, probative, and substantial evidence standard of review, set fourth in R.C. 4112.06(E), was not applicable to the review of the commission's finding of no probable cause to issue a complaint. We adopted the reasoning of *McCrea* in the recent case of *Roberts* v. *Ohio Civil Rights Comm.* (May 29, 1987), Lucas App. No. L-86-410, unreported, and we follow that reasoning in our decision today. We note that other courts of appeals have followed *McCrea,* coming to the

same decision as that reached in the instant case. See, *e.g.*, *Gorbach* v. *Ohio Civil Rights Comm.* (Aug. 13, 1986), Summit App. No. 12473, unreported; *Wilson* v. *Ohio Civil Rights Comm.* (June 25, 1986), Columbiana App. No. 85-C-50, unreported; *Allen* v. *Ohio Civil Rights Comm.* (May 8, 1986), Mahoning App. No. 85 C.A. 68, unreported; *Murray* v. *Ohio Civil Rights Comm.* (Mar. 3, 1986), Montgomery App. No. 9389, unreported; *Gross* v. *Health Enterprises of America, Inc.* (Jan. 30, 1986), Miami App. No. 85-CA-34, unreported.

We hold that the trial court did not err by applying the unlawful, irrational, and/or arbitrary and capricious standard of review to the commission's final order. We further hold that the trial court did not err by ruling that said order was not unreasonable, irrational, and/or arbitrary and capricious. Accordingly, appellant's first assignment of error is not well-taken.

### B

Appellant's second and third assignments of errors are interrelated, and we shall treat them as such. They are as follows:

"2. The lower court erred in affirming the no probable cause finding of the Ohio Civil Rights Commission because the finding was not adequately supported by the evidence.

"3. The lower court erred in holding that the plaintiff's handicap was reasonably accommodated by a labor union agreement between appellant and the Mather Company."

Essentially, appellant argues that Mather had a duty to show that it had attempted to make a reasonable accommodation to his handicap. Appellant argues that the commission failed to determine whether Mather had attempted to make such an accommodation and that the trial court, in the absence of any such determination by the commission, had no basis upon

which to affirm said decision. Appellant further argues that the agreement among appellant, his union, and Mather does not, in and of itself, constitute evidence of an attempt by Mather to reasonably accommodate his handicap.

Alcoholism is a handicap as defined by R.C. 4112.01(A)(13). *Hazlett* v. *Martin Chevrolet, Inc.* (1986), 25 Ohio St. 3d 279, 25 OBR 331, 496 N.E. 2d 478, syllabus. R.C. 4112.02 reads, in pertinent part, as follows: "It shall be an unlawful discriminatory practice: (A) For any employer, because of the * * * handicap * * * of any person, to discharge without just cause * * * that person * * *." The commission specifically found that "* * * [appellant] was terminated [from his employment] for not completing successfully an alcoholic rehabilitation program as agreed to by [Mather] and [appellant] as terms for reinstatement." Thus, the commission implicitly concluded that appellant had been discharged for just cause *and* not on the basis of his handicap, *i.e.*, being an alcoholic.

Our reading of R.C. 4112.02(A) and the rules promulgated by the commission pursuant to R.C. 4112.04 (A)(4), namely Ohio Adm. Code 4112-5-08(D) and (E), leads us to the conclusion that the commission was not required to reach the issue of reasonable accommodation. This is for the reason that the burden of proof of inability to accommodate a handicap, imposed on the employer by Ohio Adm. Code 4112-5-08(D)(1), is applicable only in situations where an employer discharges an employee on the basis of his or her handicap.

We have held that the trial court did not err by ruling that the commission's finding of no probable cause to believe that appellant's employment was terminated on the basis of his handicap was not unreasonable, irrational, and/or arbitrary and capricious. Based upon the foregoing, we find appellant's

second and third assignments of error to be not well-taken.

## C

Appellant's fourth assignment of error is as follows:

"4. The lower court erred in its holding that appellant was afforded adequate due process protections under the Ohio Civil Rights Commission regulations."

Appellant argues that the Due Process Clause of the Fourteenth Amendment guaranteed him the right to be heard at an evidentiary hearing at the preliminary investigation stage of his handicap discrimination charge against Mather. At such a hearing before the commission, appellant contends that he could have supported his charge by presenting evidence, cross-examining Sharon E. Washington and Kate Baker, and presenting rebuttal evidence. Appellant argues that he should have been given the right to require the commission to subpoena records from Mather. Appellant also argues that the commission should have permitted him to inspect the contents of its investigative file in order to ascertain whether the investigator was doing a fair or adequate job. In short, appellant contends that since the commission's administrative rules do not make such adjudicatory procedures available to him, he had been denied a meaningful opportunity to be heard.

We are presented with the following question: "Did the administrative rules followed by the commission at the preliminary investigation stage, which concededly do not provide for an adversary-oriented, evidentiary hearing, violate the Fourteenth Amendment to the United States Constitution by depriving appellant of property without due process of law?" For the reasons that follow, our answer to this question is "no."

The trial court found that appellant's right to file a charge of handicap discrimination against Mather was "* * * a species of property protected by the Fourteenth Amendment's Due Process Clause. * * *" (Citation omitted.) *Logan* v. *Zimmerman Brush Co.* (1982), 455 U.S. 422, 428. We hold that the trial court was correct. See Ohio Adm. Code 4112-03-01. Specifically, we hold that appellant had a protected property interest in filing said charge and in having the commission pass upon it. See R.C. 4112.04(A)(6). Here, the commission determined that it was not probable that Mather had unlawfully discriminated against appellant on the basis of his handicap.

As we have noted, appellant contends that the rules governing the commission's investigation of his charge failed to provide him with an opportunity to make his case at an evidentiary hearing. Appellant contends that he has been deprived of his procedural due process rights, and relies on *Mathews* v. *Eldridge* (1976), 424 U.S. 319, to support his contention. In *Mathews,* the United States Supreme Court considered "* * * the extent to which due process requires an evidentiary hearing prior to the deprivation of some type of property interest * * *." *Id.* at 333. The court also devised a three-pronged test to weigh the private and governmental interests affected by the deprivation of the protected property interest in question. *Id.* at 334-335. Appellant argues that the rules governing the commission's investigation of his charge should be judged according to the *Mathews* three-pronged test.

We disagree, and hold that the *Mathews* test becomes relevant only if the second part of what the United States Supreme Court has described as a two-part inquiry is first reached. In *Logan,* the court analyzed the private party's Fourteenth Amendment interest in the following manner: "At the outset, then, we are faced with what has become a familiar two-part in-

quiry: we must determine whether Logan was deprived of a protected interest, and, if so, what process was his due." *Id.* at 428. In *Logan,* the protected property interest that was deprived was Logan's right, created by Illinois law, to have a factfinding conference convened to consider his employment discrimination charge within one hundred twenty days after he filed said charge. The instant case is like *Logan,* insofar as both Logan and appellant had protected property interests in utilizing established adjudicatory procedures to file charges of employment discrimination against their respective employers. The instant case, however, is unlike *Logan,* in that appellant was in no way deprived of the commission's adjudicatory procedures. See *Logan,* at 429-430.

Appellant has appeared to argue that he has a protected property interest in being able to present his charge of handicap discrimination against Mather to the commission in the context of an adversary-oriented, evidentiary hearing, and that he has been deprived of due process of law by not being able to do so. If this is appellant's argument, it is without merit. As the United States Supreme Court has noted, "[t]he hallmark of property * * * is an individual entitlement grounded in state law, which cannot be removed except for 'just cause.' " (Citations omitted.) *Logan, supra,* at 430. Ohio law has not conferred upon appellant an individual entitlement to an adversary-oriented, evidentiary hearing at the preliminary investigation stage of his handicap discrimination charge. Under such a circumstance as this, the United States Supreme Court has held that there is no basis upon which to invoke the protections accorded to "property" under the Fourteenth Amendment. See, generally, *Paul* v. *Davis* (1976), 424 U.S. 693, 710-711; *Goss* v. *Lopez* (1975), 419 U.S. 565, 572; *Bd. of Regents* v. *Roth* (1972), 408 U.S. 564, 577. Accordingly, we hold that appellant did not possess any protected property interest susceptible of deprivation without due process of law.

R.C. 4112.05(B) sets forth the basic procedures governing the commission's investigation of an employment discrimination charge. Specifically:

"* * * [T]he commission may initiate a preliminary investigation. * * * If it determines after such investigation that it is not probable that unlawful discriminatory practices have been or are being engaged in, it shall notify the complainant that it has so determined and that it will not issue a complaint in the matter. * * *"

The commission had the discretion to decide whether even to initiate a preliminary investigation of appellant's charge, and could have passed upon it without initiating such an investigation. *State, ex rel. Westbrook,* v. *Ohio Civil Rights Comm.* (1985), 17 Ohio St. 3d 215, 216, 17 OBR 449, 450, 478 N.E. 2d 799, 801. The court of appeals in *McCrea* spoke of this discretion as follows:

"Prior to the filing of a complaint, the procedure set out in the statute is informal and in the nature of an *ex parte* proceeding. Although the commission investigates the charge, it does not seek to receive formal evidence. Unlike the procedure set forth for a post-complaint formal hearing, R.C. 4112.05 does not provide for the swearing of witnesses, the taking of testimony, or the keeping of a record during the preliminary investigation. * * *

"* * *

"R.C. 4112.05 vests the commission with the responsibility of making the determination of whether or not it is probable that any unlawful discriminatory practices have been engaged in

by the respondent. Due to the inherently subjective nature of the concept of probable cause, such a determination necessarily involves the exercise of the commission's specialized knowledge and expertise, good judgment, and sound discretion. * * *" *Id.* at 316-317, 20 OBR at 418-420, 486 N.E. 2d at 146.

Appellant's arguments, obviously, are rooted in his deep dissatisfaction with the commission's administrative rules at the preliminary investigation stage. R.C. 4112.04(A)(4) gives the commission the power to "[a]dopt, promulgate, amend, and rescind rules to effectuate the provisions of sections 4112.01 to 4112.08 of the Revised Code, and the policies and practice of the commission in connection therewith[.]" We note that the commission has promulgated rules providing for a generally full evidentiary hearing after it has issued a complaint against an employer, Ohio Adm. Code 4112-3-07, and presumably could promulgate such rules to govern proceedings at the preliminary investigation stage if it chose to do so. We believe that appellant's arguments concerning the kind of adjudicatory procedures followed, or, rather, the kinds not followed, by the commission at the preliminary investigation stage would be best addressed to the commission itself. That is the institution empowered by law to make the kind of changes which appellant seeks.

In summary, we have held that the commission has not established adjudicatory procedures entitling appellant to be heard at an adversary-oriented, evidentiary hearing on his charge of handicap discrimination against Mather. Since there is no such entitlement, and hence no interest susceptible of protection under the Due Process Clause of the Fourteenth Amendment, we need not reach the second part of the two-part inquiry of *Logan, i.e.,* what process was appellant's due. Accordingly, the trial court should not have reached this second step of the two-part inquiry and, furthermore, should not have gone on from there to discuss the adequacy of the commission's adjudicatory procedures in light of the *Mathews* case. For the foregoing reasons, we find appellant's fourth assignment of error to be not well-taken.

### III

On consideration whereof, this court finds that substantial justice has been done to appellant Salazar, and the judgment of the Lucas County Court of Common Pleas is affirmed. This court orders that appellant pay the court costs of this appeal.

*Judgment affirmed.*

RESNICK and GLASSER, JJ., concur.