**COLEMAN, Appellant,**

v.

**WARNER et al., Appellees.**

[Cite as *Coleman v. Warner* (1992), 82 Ohio App.3d 263.]

Court of Appeals of Ohio,
Lucas County.

No. L–91–357.

Decided Sept. 11, 1992.

*Edward Coleman, pro se.*

*Justice G. Johnson, Jr.* and *Jessica R. Christy,* for appellee General Mills, Inc.

*Lee Fisher,* Attorney General, and *Denise M. Johnson,* Assistant Attorney General, for appellee Ohio Civil Rights Commission.

---

*Per Curiam.*

This case is before us on appeal from a judgment of the Lucas County Court of Common Pleas. That court, sitting as an appellate court pursuant to R.C. 4112.06, affirmed the decision of appellee, the Ohio Civil Rights Commission ("OCRC"), that no probable cause existed to support a finding that appellee, General Mills, Inc., had engaged in illegal race discrimination by disqualifying appellant, Edward Coleman, from a particular production line. Appellant now raises the following assignment of error:

"The Trial Court Error: When the court ruled to reaffirm commission's order through the test of case McDonnell Douglas, whose formula is for circumstantial evidence, denied [*sic*] appellant a right to be vindicated according to the Constitution and laws of the United States, in the absent [*sic*] or present [*sic*] of requisite [*sic*] quantum of evidence."

■ Upon review of a determination that no probable cause exists to believe that an employer has committed an unlawful discriminatory practice against an employee, the common pleas court must determine whether OCRC's decision is unlawful, irrational, and/or arbitrary and capricious. *Salazar v. Ohio Civ. Rights Comm.* (1987), 39 Ohio App.3d 26, 27, 528 N.E.2d 1303, 1305. When the common pleas court properly makes such a determination, we will not disturb that court's judgment on appeal. *Id.* at 28, 528 N.E.2d at 1305.

After a careful review of the record in this case, we conclude that OCRC's decision was not unlawful, irrational, arbitrary or capricious, and find the well-reasoned decision of Judge Frederick H. McDonald in case No. M.D. 287 to be dispositive of the major issues raised by appellant. For that reason, the judgment is hereby affirmed and adopted as our own. See Appendix, dated September 17, 1991. Accordingly, appellant's sole assignment of error is found not well taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. We further find that there were reasonable grounds for this appeal. Costs to appellant.

*Judgment affirmed.*

GLASSER, P.J., ABOOD and SHERCK, JJ., concur.

## APPENDIX

FREDERICK H. McDONALD, Judge.

This matter is before the court on appellant Edward Coleman's appeal from a decision by appellee, the Ohio Civil Rights Commission ("OCRC") which dismissed appellant's discrimination charge against appellees Don Warner and General Mills, Inc. for lack of probable cause. Upon consideration of the transcripts, original papers, memoranda of counsel, as well as the applicable law, I find that the decision of OCRC is premised on a legal, rational and defensible basis, is not irrational, unlawful, and/or arbitrary and capricious, and is, therefore, affirmed.

### I

The background of this case is as follows. On December 27, 1989, appellant, an African–American, filed a charge of discrimination with OCRC alleging that appellee General Mills had disqualified him from a particular production line because of his race, thereby violating R.C. 4112.02(A). OCRC,

pursuant to R.C. 4112.04, conducted a preliminary investigation of the charge. On or about June 6, 1990, OCRC investigators made a recommendation that it was not probable that appellee General Mills had engaged in unlawful discriminatory practices in violation of R.C. Chapter 4112. The investigators found, *inter alia:*

"1.  Charging party has been employed since July 9, 1971 and was promoted to an 'A' Mechanic in 1987.

"2.  A Caucasian comparison testified that he too is an 'A' Mechanic and employed 15 years. He, too, has been often assigned to other jobs in the department. The Caucasian comparison testified that there is no difference in wages no matter what zone C–2 or 5 an employee is assigned. It is also a normal procedure to work in different zones.

"3.  The Caucasian comparison testified that he does not believe race was a factor in moving charging party from the zone C–5 area; however, the Caucasian comparison believes charging party was being punished for being off on medical leave because the department head does not like charging party, but not because of his race.

"4.  Another Caucasian comparison testified that he has been employed for 35 years. He has worked all the jobs in packaging (cake and cereal); employees are placed wherever they are needed and the work and pay on C–5 is no different than that of C–2 and C–4. Zone C–2, 4 and 5 are all machines and charging party has been placed back on C–5 since he was removed. The move was not because of his race.

"5.  A Black comparison testified that he believes race was a factor; however, there is no difference in wages or opportunity for advancement. The Black comparison believes that the department head wants to pick and choose who works in the area; however, he also believes this treatment of charging party is a thorn in the department head's side.

"6.  Both Black and Caucasian comparisons testified that there is no loss in wages or advancement opportunities, because being assigned to another area within the department as they have at some point or another during their employment is a normal practice." OCRC statement of reasons for recommendation, June 6, 1990.

OCRC adopted this recommendation on July 12, 1990. Appellant filed a request for consideration of this decision, which was denied by OCRC on October 25, 1990. At that point, OCRC's decision was final and, on November 15, 1990, appellant moved this court, pursuant to R.C. 4112.06, to review OCRC's decision.

## II

In reviewing OCRC's finding of a lack of probable cause to issue a complaint, this court must follow both procedural and substantive guidelines. Procedurally, the court must determine whether OCRC's decision is unlawful, irrational, and/or arbitrary and capricious. *Salazar v. Ohio Civ. Rights Comm.* (1987), 39 Ohio App.3d 26, 27–28, 528 N.E.2d 1303, 1305, appeal dismissed (1988), 486 U.S. 1001, 108 S.Ct. 1723, 100 L.Ed.2d 188. OCRC's findings of fact, moreover, shall be conclusive if supported by reliable, probative, and substantial evidence on the record. R.C. 4112.06(E). Finally, Ohio's Ninth Appellate District stated that a court, in reviewing OCRC's decision, must not substitute its judgment for that of OCRC. *McCrea v. Ohio Civ. Rights Comm.* (1984), 20 Ohio App.3d 314, 317, 20 OBR 416, 418, 486 N.E.2d 143, 146.

Regarding substantive law, federal case law interpreting Title VII of the Civil Rights Act of 1964 is generally applicable to cases involving alleged violations of R.C. Chapter 4112. *State ex rel. Republic Steel Corp. v. Ohio Civ. Rights Comm.* (1975), 44 Ohio St.2d 178, 183–184, 73 O.O.2d 478, 480–481, 339 N.E.2d 658, 661–662. Specifically, the Supreme Court of Ohio has applied the *McDonnell Douglas*[1] formula to analyses of discrimination under R.C. Chapter 4112. *Plumbers & Steamfitters Joint Apprenticeship Commt. v. Ohio Civ. Rights Comm.* (1981), 66 Ohio St.2d 192, 197, 20 O.O.3d 200, 203, 421 N.E.2d 128, 131–132. As stated in *Plumbers & Steamfitters:*

" * * * a *prima facie* case [of racial discrimination] exists when it is shown that: (1) the complainant belongs to a racial minority; (2) the complainant is qualified for the job; (3) the complainant is discharged; [and] (4) the position from which the complainant is removed remains open.

" * * *

"Once a *prima facie* case is established under the *McDonnell* formula, [t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's [discharge]. *Id.* at 197 [20 O.O.3d at 203, 421 N.E.2d at 131–132], quoting *McDonnell Douglas, supra* [411 U.S.] at 802 [93 S.Ct. at 1824, 36 L.Ed.2d at 678].

" * * *

"[If the employer satisfies this second step t]he final step of the *McDonnell* sequence permits the complainant to demonstrate that the employer's articulated reasons for the discharge are a pretext for impermissible discrimination.

---

1. *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668.

411 U.S. at page 804 [93 S.Ct. at 1825, 36 L.Ed.2d at 679]." *Id.,* 66 Ohio St.2d at 198, 20 O.O.3d at 203, 421 N.E.2d at 132.

In the instant case, OCRC conducted a preliminary investigation pursuant to R.C. 4112.05(B). No authority has ever set forth an exact procedure OCRC must follow when conducting such an investigation. OCRC, in fact, has discretion to determine the manner in which it will act. 1978 Ohio Atty.Gen. Ops. No. 78–010, at 2–27. In his opinion, then-Attorney General William J. Brown discussed R.C. 4112.04(A)(4), which gives OCRC rulemaking authority, and R.C. 4112.04(A)(5), which provides that OCRC may formulate policies to effectuate the purposes of R.C. 4112.01 to 4112.11. From there, the Attorney General concluded: "Thus, the Commission may determine the amount and type of investigation necessary to determine if it is probable that unlawful discrimination practices have occurred and may set standards and procedures for such investigations." 1978 Ohio Atty.Gen.Ops. No. 78–010, at 2–27. Adopting this view, it follows that the investigative steps taken by OCRC were sufficient, provided that OCRC's findings of fact are supported by reliable, probative, and substantial evidence, R.C. 4112.06(E), and that its decision not to issue a complaint is not unlawful, irrational, and/or arbitrary and capricious, *Salazar, supra,* 39 Ohio App.3d at 27–28, 528 N.E.2d at 1305.

### III

A review of the record shows that appellant was returning from a three-month leave of absence and therefore missed the training provided to other employees in his department regarding modifications to the line. The record also indicates that similarly situated Caucasian employees received similar treatment. Finally, the record reflects that appellant's wages and opportunities for advancement were not adversely affected by this incident. Based on the record, OCRC properly found no probable cause that a *prima facie* case of discrimination, as defined in *McDonnell Douglas,* exists.

It follows that OCRC's decision not to issue a discrimination complaint was justified. OCRC's decision, accordingly, is premised on a legal, rational, and defensible basis and must be affirmed.

It is ORDERED that appellant's motion for judicial review is dismissed with prejudice at appellant's cost.