Kenneth Champaigne DAVIS, Appellant,

v.

STATE of Minnesota, DEPARTMENT
OF CORRECTIONS, Respondent.

No. C4-92-2503.

Court of Appeals of Minnesota.

May 18, 1993.

Review Denied July 15, 1993.

Jordan S. Kushner, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Stephen L. Smith, Spec. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by RANDALL, P.J., and SHORT and AMUNDSON, JJ.

## OPINION

SHORT, Judge.

This case involves a question of statutory interpretation. Kenneth Champaigne Davis brought a civil claim against the state for damages resulting from personal injuries he sustained while an inmate at a state correctional facility. The trial court dismissed the action because Davis failed to present his claim to the legislature pursuant to Minn.Stat. § 3.738 (1992). On appeal, Davis argues that statute does not apply to his action because: (1) his claim arises out of an assault by another inmate which was unrelated to his assigned duties as a cook at the prison; and (2) the statute's denial to him of a civil action for damages, including pain and suffering, violates his constitutional right to equal protection. We disagree and affirm.

## FACTS

Davis is an inmate at the Minnesota Correctional Facility at St. Cloud. He used to work as a cook at the prison. On the morning of May 4, 1992, another inmate stabbed Davis while both inmates were working in the prison kitchen. Davis brought a tort action in Ramsey County District Court against the state to recover damages for his injuries. The state moved under Rule 12 to dismiss the case because the trial court did not have subject matter jurisdiction. The trial court agreed, granted the state's motion, and ordered Davis'

action dismissed with prejudice. The court entered judgment in the state's favor and this appeal followed.

## ISSUE

Did the trial court err in concluding Minn.Stat. § 3.738 provides Davis' exclusive remedy?

## ANALYSIS

■ In reviewing a case dismissed under Rule 12 for failure to state a claim for which relief can be granted, the only question before us is whether the complaint sets forth a legally sufficient claim for which relief can be granted. *Elzie v. Commissioner of Pub. Safety*, 298 N.W.2d 29, 32 (Minn.1980).

### I.

Minn.Stat. § 3.738 (1992) (injury or death of patient or inmate) provides in its entirety:

**Subdivision 1. Legislative authority.** Claims and demands arising out of injury to or death of a patient of a state institution under the control of the commissioner of human services or an inmate of a state correctional facility while performing assigned duties shall be presented to, heard, and determined by the legislature.

**Subd. 2. Evaluation of claims.** Claims under this section shall be paid pursuant to legislative appropriation following evaluation of each claim by the appropriate committees of the senate and house of representatives. Compensation will not be paid for pain and suffering.

**Subd. 3. Exclusive remedy.** The procedure established by this section is exclusive of all other legal, equitable, and statutory remedies.

Minn.Stat. § 3.738. The issue before us is whether this statute provides the exclusive remedy for Davis' injuries.

■ Davis argues section 3.738 does not apply to his action because his claim arises out of an assault by another inmate which was unrelated to his assigned duties as a cook at the prison. He contends the facts support an action for negligence under Minn.Stat. § 3.736 (1992) (Tort Claims Act), because prison employees, in allowing another inmate to stab him, failed to exercise reasonable care to protect his safety while he was in their custody. While the facts may support a negligence action, the statutory scheme unequivocally provides one procedure "exclusive of all other legal, equitable, and statutory remedies." Minn. Stat. § 3.738, subd. 3. Claims for an injury suffered by an inmate while performing assigned duties are to be determined by the legislature, not the courts. *Id.*, subd. 1.

Davis asks us to read an "assault exception" into section 3.738. *See, e.g.*, Minn. Stat. § 176.011, subd. 16 (1992) (Workers' Compensation Act) (defining "personal injury" to exclude injuries "caused by the act of a third person or fellow employee intended to injure the employee"). However, section 3.738 contains no language lifting Davis' negligence claim out of that statute's exclusive remedy procedure and allowing him to pursue a traditional tort recovery under Minn.Stat. § 3.736. Had it wanted to, the legislature easily could have included an explicit "assault exception" in Minn.Stat. § 3.738. To read an implied "assault exception" into section 3.738 would violate established principles of statutory construction. *See* Minn.Stat. § 645.-17(1), (2) (1992) (presumptions in ascertaining legislative intent).

### II.

Davis also argues section 3.738's denial to him of a civil action for damages where such an action would be available to other workers under the Workers' Compensation Act's "assault exception" violates his constitutional right to equal protection. Minn. Const. art. 1, § 2; *see* U.S. Const. amend. XIV ("No State shall * * * deny to any person within its jurisdiction the equal protection of the laws."). However, we do not look beyond the borders of Davis' complaint on appeal from the grant of a Rule 12 motion. *Elzie*, 298 N.W.2d at 32 (sole question before reviewing court is whether complaint sets forth a legally sufficient claim for relief).

**136**

Davis' complaint is based wholly in negligence; it does not contain a constitutional claim, nor any mention of equal protection issues. Even if we could consider this constitutional claim, such a claim would fail. Statutes restricting prison inmates' ability to pursue tort actions against the state do not violate equal protection because such statutes are rationally related to a legitimate state interest. While operators of detention facilities have a duty to make such places as safe as possible, we recognize that places of detention, by their very nature, cannot be made completely safe for prisoners. Unrestricted liability for acts or omissions occurring on detention facility premises could have a severe economic impact on the political subdivisions operating such facilities. *See, e.g., Agee v. Butler Co.,* 72 Ohio App.3d 481, 594 N.E.2d 1050, 1052-53 (1991) (statute precluding persons in detention facilities from bringing a cause of action against the state does not violate equal protection); *Mercer v. State,* 48 Wash.App. 496, 739 P.2d 703, 706 (1987) (statute requiring that inmate's mother file tort claim with state Director of Financial Management as condition precedent to initiating wrongful death action against the state did not deny her equal protection), *pet. for rev. denied* 108 Wash.2d 1037 (1987). Davis' constitutional claim, therefore, is not properly before us and also is without merit.

## DECISION

Under Minn.Stat. § 3.378, Davis' exclusive remedy is to have his claim heard and determined by the state legislature. The trial court, therefore, properly dismissed Davis' action with prejudice on the state's Rule 12 motion.

**Affirmed.**