James B. GARNET, Sr., Plaintiff–Appellant,

v.

GENERAL MOTORS CORPORATION, Defendant–Appellee.

No. 00–4191.

United States Court of Appeals, Sixth Circuit.

Sept. 21, 2001.

Before BATCHELDER and COLE, Circuit Judges; BECKWITH, District Judge.*

James B. Garnet, Sr., appeals a district court order granting summary judgment for the defendant in this diversity action. Counsel for neither party has requested oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Garnet, a white male, sued the General Motors Corporation in Ohio state court, alleging that the defendant violated state law by hiring less qualified minority applicants over him. The case was removed to federal court pursuant to diversity jurisdiction under 28 U.S.C. § 1332. The district court concluded that Garnet had not established a prima facie case of reverse discrimination and granted summary judgment for the defendant.

■ Upon review, we conclude that the district court properly granted summary judgment for the defendant. This court reviews de novo a district court order granting summary judgment. *Peck v.*

---

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

*Bridgeport Machs., Inc.*, 237 F.3d 614, 617 (6th Cir.2001). Summary judgment is proper if no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir.), *cert. denied*, 531 U.S. 1052, 121 S.Ct. 657, 148 L.Ed.2d 560 (2000). Once the moving party has met its burden of production, the non-moving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir.2000). A scintilla of evidence in support of the plaintiff's position will be insufficient; rather, evidence must exist on which the jury can reasonably find in favor of the plaintiff. *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 788 (6th Cir. 2000).

General Motors has shown an absence of evidence to support Garnet's claim of reverse discrimination. While Garnet applied for several positions with General Motors over a number of years, the only employment decision currently in dispute is General Motors's failure to hire Garnet in 1996. Pursuant to its usual hiring practices, General Motors interviewed Garnet and had him take a written exam. Based on the results of this interview and exam, General Motors assigned Garnet a score reflecting his abilities, which was then used to rank him with other applicants. As part of the hiring process and its affirmative action program, General Motors provided minorities with an opportunity to participate in a Pre–Apprentice Program (PAP). Individuals who completed the PAP then received a several point increase in their hiring evaluation score. It is undisputed that, as a result of their partic-

ipation in the PAP, two minorities, who had previously scored below Garnet, received additional points which raised their total score above Garnet's score. In light of their improved scores, these minorities subsequently were hired, but Garnet was not. Garnet now argues that the existence of the PAP and the failure to hire him was the result of reverse discrimination against him by General Motors.

■ Garnet has not established a case of reverse discrimination under state law. Under Ohio Rev.Code § 4112.02(A), it is an unlawful discriminatory practice for an employer to refuse to hire an individual because of his race. The Ohio Supreme Court has determined that federal case law interpreting Title VII is generally applicable to cases involving alleged violations of § 4112.02(A). *Plumbers & Steamfitters Comm. v. Ohio Civil Rights Comm'n*, 66 Ohio St.2d 192, 421 N.E.2d 128, 131 (1981). Garnet can establish a case of reverse discrimination by demonstrating that race was a direct factor in the employment decision. *Weberg v. Franks*, 229 F.3d 514, 522 (6th Cir.2000). Direct evidence requires the conclusion that the employer's actions were motivated, at least in part, by unlawful discrimination. *Id.* Alternatively, Garnet can meet his evidentiary burden through indirect evidence by demonstrating a prima facie case of reverse discrimination. To establish a prima facie case of reverse discrimination, the plaintiff must show that: 1) background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority; and 2) the employer treated differently similarly-situated employees outside the protected class. *Id.* at 523 n. 8; *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 801 (6th Cir.1994).

While the district court determined that Garnet had not demonstrated a prima facie case of reverse discrimination, Garnet does not challenge this conclusion by the court on appeal. Instead, he argues that he was not required to make a prima facie case of discrimination because he presented direct evidence of reverse discrimination by General Motors. Garnet asserts that the mere existence of the PAP is sufficient to establish that unlawful reverse discrimination against white males was at least a motivating factor in General Motors's decision. However, this court previously has concluded that the PAP does not violate Title VII, *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1194–95 (6th Cir. 1995); consequently, the mere existence of the PAP is not direct evidence of reverse discrimination. Further, in response to General Motors's summary judgment motion, Garnet has not presented any other evidence which would require the conclusion that General Motors's actions were motivated, at least in part, by unlawful discrimination. Therefore, Garnet has not presented direct evidence of reverse discrimination by General Motors, and the district court properly granted summary judgment for the defendant.

Accordingly, this court affirms the district court's judgment.