[Cite as *Schuler v. Ohio Civ. Rights Comm.*, 2017-Ohio-2602.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| PAUL SCHULER, | : | **O P I N I O N** |
| Petitioner-Appellant, | : | |
| - vs - | : | **CASE NO. 2016-T-0075** |
| OHIO CIVIL RIGHTS COMMISSION, | : | |
| Respondent-Appellee. | : | |

Administrative Appeal from the Trumbull County Court of Common Pleas, Case No. 2002 CV 02715.

Judgment: Affirmed.

*Michael D. Rossi,* Guarnieri & Secrest, P.L.L., 151 East Market Street, P.O. Box 4270, Warren, OH 44482 (For Petitioner-Appellant).

*Mike DeWine,* Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215, and *David A. Oppenheimer,* Assistant Attorney General, State Office Building, 11th Floor, 615 West Superior Avenue, Cleveland, OH 44113 (For Respondent-Appellee).

DIANE V. GRENDELL, J.

{¶1} Petitioner-appellant, Paul Schuler, appeals from the Judgment Entry of the Trumbull County Court of Common Pleas, affirming the respondent-appellee, the Ohio Civil Rights Commission's, decision finding no probable cause to support Schuler's charge of discrimination. The issue to be determined in this case is whether the trial court erred in failing to discuss certain applicable case law and by relying on federal

court decisions finding the program at issue to be non-discriminatory. For the following reasons, we affirm the judgment of the lower court.

{¶2} On November 29, 2001, Schuler filed a charge of discrimination with the Ohio Civil Rights Commission against his employer, General Motors/Delphi Packard Electric Systems. He alleged that, in 1995, he had applied for an apprenticeship position, but was not given the opportunity to take the apprenticeship test or join the program. He contended that because of his qualifications, he should have been able to "bypass the random draw, as were other women and minority candidates with similar high qualifications," and that the random draw prevented him from participating. He believed he was denied the opportunity to participate in the program because he is a Caucasian male.

{¶3} On August 1, 2002, the Commission found it "NOT PROBABLE" that GM engaged in an unlawful practice under Revised Code Section 4112 and did not issue a complaint. It found that "available evidence substantiates that [GM's] apprenticeship training program as it relates to female and minority applicants has been the subject of several previous complaints before the Commission as well as civil litigation which have found it to be in compliance with both state and federal law." It also found that evidence showed "the vast majority of applicants" selected to be in the apprenticeship program were Caucasian males.

{¶4} Schuler moved for reconsideration of the Commission's finding. The Commission reaffirmed its decision on October 22, 2002, and again ordered the case dismissed.

{¶5} Schuler appealed the Commission's determination to the Trumbull County Court of Common Pleas, pursuant to R.C. 4112.06, on November 19, 2002. In his

March 31, 2003 Petitioner's Brief, Schuler argued that women and minorities are permitted to bypass a random draw to take the apprenticeship test and are subject to different testing requirements. He asserted that the Commission's decision was arbitrary, in that it relied on past decisions of other courts rather than reviewing the process used by GM in this case.

{¶6} The Commission's April 14, 2003 Brief argued that the same program at issue had been upheld in various courts.

{¶7} Supplemental briefing by both parties was filed in April and May of 2016.

{¶8} The trial court issued a Judgment Entry on July 22, 2016, affirming the decision of the Commission finding no probable cause and found that the Commission's decision "was not irrational, unlawful, arbitrary, or capricious."

{¶9} Schuler timely appeals and raises the following assignment of error:

{¶10} "On RC §4112.06 judicial review of Respondent-Commission's 'Not Probable' determination and refusal to issue complaint, the trial court erred to affirm that disposition."

{¶11} Pursuant to R.C. 4112.06(A), a party "claiming to be aggrieved by a final order of the [Civil Rights Commission], including a refusal to issue a complaint, may obtain judicial review thereof * * * in a proceeding * * * brought in the common pleas court."

{¶12} "Upon review of a determination that no probable cause exists [to issue a complaint], the common pleas court must determine whether [the] OCRC's decision is unlawful, irrational, and/or arbitrary and capricious." *Yeager v. Ohio Civ. Rights Comm.*, 148 Ohio App.3d 459, 2002-Ohio-3383, 773 N.E.2d 1097, ¶ 12 (11th Dist.), citing *Coleman v. Warner*, 82 Ohio App.3d 263, 265, 611 N.E.2d 878 (6th Dist.1992). "Absent

3

an abuse of discretion, an appellate court will not disturb the trial court's determination." *Id.*

{¶13} Schuler argues that the Commission's decision was unlawful because it relied on prior federal court decisions which did not properly consider or make findings under *United Steelworkers of Am. v. Weber*, 443 U.S. 193, 99 S.Ct. 2721, 61 L.Ed.2d 480 (1979), and *Johnson v. Transp. Agency*, 480 U.S. 616, 107 S.Ct. 1442, 94 L.Ed.2d 615 (1987).

{¶14} In reaching the determination in the present matter that it was not probable that discrimination occurred, the Commission emphasized previous federal court decisions which addressed the same GM program and found it not to discriminate against white males. In *Yeager v. Gen. Motors Corp.*, 265 F.3d 389 (6th Cir.2001), the Sixth Circuit addressed the apprenticeship program in the GM Lordstown plant, where white males were randomly selected to sit for the apprenticeship test while minorities and women were permitted to skip the random selection process. *Id.* at 393. This is the same process for the apprenticeship program described by Schuler in his filings. After considering that program, the Sixth Circuit concluded that "there is no evidence that GMC discriminates against white men in the administration of its apprentice program." *Id.* at 397. It has also been noted that the process at the Packard Plant, where Schuler was employed, was "substantially similar." *Yeager v. Gen. Motors Corp.*, 67 Fed.Appx. 335 (6th Cir.2003).

{¶15} Moreover, in *Garnet v. Gen. Motors Corp.*, 114 F.Supp.2d 649 (N.D.Ohio 2000), the Court evaluated the apprenticeship program at the GM Packard plant and rejected a claim of reverse discrimination against white males. It noted that "[m]erely administering a program which affords women and minorities greater opportunities to

obtain positions in a workforce that is dominated by white males does not rise to the level of intentional discrimination against the majority." *Id.* at 658. *Also Garnet v. Gen. Motors Corp.*, 19 Fed.Appx. 363, 366 (6th Cir.2001) ("the mere existence of" a program presenting minorities and females the chance to improve their scores for apprenticeship selection through a pre-apprenticeship program "is not direct evidence of reverse discrimination").

{¶16} Given the similarities of these cases to the present one, and that this matter has been addressed repeatedly both in federal and Ohio state appellate courts, it was reasonable to consider these decisions. The same program has consistently been found to be non-discriminatory and there is nothing in the record to demonstrate that Schuler showed the program in this case differed from that in the aforementioned matters. The trial court did not err in determining that the Commission's consideration of the decisions was lawful.

{¶17} Schuler contends that these cases cannot be applied since they find only that a "vast majority" of the GM workforce was white males, not that the percentage of women and minorities was underrepresented. Primarily, he contends that the Commission, and the trial court, failed to find that there was a "manifest imbalance" or underrepresentation of minorities and women in GM's workforce when compared to the area labor market, which is necessary "for a lawful voluntary affirmative action plan." He argues that such a finding is mandated under *Weber* and *Johnson*.

{¶18} This exact issue was previously raised in this court in *Koehler v. Ohio Civ. Rights Comm.*, 11th Dist. Trumbull No. 2005-T-0149, 2006-Ohio-5178. There, the appellant argued that the Commission had failed to apply the "proper governing law," i.e., *Weber* and *Johnson*, in evaluating his claim for "discrimination alleged against a

5

private employer with a voluntary affirmative action plan." *Id.* at ¶ 9. *Koehler* arose from the same claim as is at issue here: GM's apprenticeship program and the ability of women and minorities to bypass the random selection process to take the apprenticeship test constituted reverse discrimination. *Id.* at ¶ 2.

{¶19} As this court noted in *Koehler*, the trial court's failure to set forth the substantive principles in *Johnson* and *Weber* does not constitute an abuse of discretion in affirming the Commission's decision. "So long as the Commission's substantive conclusion was fundamentally reasonable in light of the proper legal standard, the trial court did not abuse its discretion in affirming the Commission's decision." *Id.* at ¶ 10.

{¶20} *Johnson* requires a claimant to set forth a prima facie case for reverse discrimination and, if such a showing is made, the burden is shifted to the employer to set forth a non-discriminatory basis for its decision. *Johnson*, 480 U.S. at 626-627, 107 S.Ct. 1442, 94 L.Ed.2d 615. The burden then shifts back to the claimant to demonstrate pretext. *Id.* *Weber* sets forth considerations to be made in relation to a challenge to an employer's affirmative action plan. "That is, a court will observe whether the employer's voluntary affirmative action plan is designed to 'eliminate manifest racial imbalances in traditionally segregated job categories.'" *Koehler* at ¶ 11, citing *Weber*, 443 U.S. at 197, 99 S.Ct. 2721, 61 L.Ed.2d 480. Again, if the claimant fails to make a prima facie case, it follows that he or she cannot prevail on a claim.

{¶21} As this court held in considering this issue, *Weber* and *Johnson* "set forth a generic framework for analyzing a private employer's voluntarily adopted affirmative action plan." *Koehler* at ¶ 11. While the Commission did not cite the cases specifically, this does not demonstrate that it did not properly consider whether Schuler proved the facts of his case. In the absence of a prima facie showing of discrimination, evaluated

in light of existing law holding that GM's program was not discriminatory, the Commission properly dismissed the complaint. "In effect, the Commission did not misapply the law, it simply recognized the shortcomings in appellant's allegations and dismissed them accordingly." *Id.* at ¶ 12.

**{¶22}** We find no reason to depart from this court's analysis in *Koehler*. The Commission considered the existing law and weighed it in determining there was a lack of probable cause to find discrimination. There was no abuse of discretion by the trial court in finding this determination was not unlawful, irrational, and/or arbitrary and capricious. The GM program has been repeatedly found to be non-discriminatory and, in the absence of evidence showing discrimination, there was no error below.

**{¶23}** The sole assignment of error is without merit.

**{¶24}** For the foregoing reasons, the Judgment Entry of the Trumbull County Court of Common Pleas, affirming the Ohio Civil Rights Commission's decision, is affirmed. Costs to be taxed against appellant.


TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.