[Cite as *Smart v. Civ. Rights Comm.*, 2012-Ohio-2899.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| MORESETTA SMART | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | Hon. Sheila G. Farmer, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| OHIO CIVIL RIGHTS COMMISSION,<br>ET AL. | Case No. 2011CA00246 |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. 2011CV01038


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    June 25, 2012


APPEARANCES:

For Plaintiff-Appellant                    For Defendants-Appellees

DOUGLAS C. BOND                     PATRICK M. DULL
700 Courtyard Centre                    30 East Broad Street
116 Cleveland Avenue, NW            15th Floor
Canton, OH  44702                        Columbus, OH  43215-3428

                                                     ARETTA K. BERNARD
                                                     KAREN D. ADINOLFI
                                                     222 South Main Street
                                                     Akron, OH  44308

*Farmer, J.*

{¶1} On July 9, 2010, appellant, Moresetta Smart, filed a discrimination complaint with appellee, the Ohio Civil Rights Commission, against appellee, Aultman Hospital, alleging invasion of privacy, HIPPA violations, and misuse of medical information. On November 18, 2010 and February 24, 2011, appellee Commission filed determinations denying appellant's claims, finding no probable cause. Appellant filed an administrative appeal with the Court of Common Pleas of Stark County, Ohio. By judgment entry filed September 30, 2011, the trial court denied appellant's appeal, finding appellee Commission did not act in an arbitrary, capricious, or irrational manner.

{¶2} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶3} "THE OHIO CIVIL RIGHTS COMMISSION'S DETERMINATION OF NO PROBABLE CAUSE IS UNLAWFUL, UNREASONABLE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BASED UPON THE RECORD IN THIS CASE."

I

{¶4} Appellant claims the decision of appellee Commission was against the manifest weight of the evidence. We disagree.

{¶5} Specifically, appellant argues appellee Commission failed to disclose the facts or the items reviewed, and R.C. 4112.06 requires a full review of the investigative file.

{¶6} First, we will address the appropriate standard of review. Appellant argues the standard of review on a finding of no probable cause is the same as a

finding on a post-probable cause decision: the reliable, probative, and substantial evidence standard. *Cleveland Civil Service Commission v. Ohio Civil Rights Commission* (1991), 57 Ohio St.3d 62. In *Ashton v. Ohio Civil Rights Commission,* (1990), Fairfield App. No. 21-CA-89, we reviewed a probable cause determination and cited and adopted the holding of our brethren from the Ninth District in *McCrea v. Ohio Civil Rights Commission* (1984), 20 Ohio App.3d 314, syllabus:

{¶7} "With respect to judicial review, the standard of reliable, probative and substantial *evidence* is applicable only to *post*-complaint decisions and orders of the Ohio Civil Rights Commission. The applicable standard of review for a court of a *pre-*complaint decision by the commission not to issue a complaint, because of a lack of probable cause, is whether the *decision* is unlawful, irrational, and/or arbitrary and capricious." (Emphasis *sic.*)

{¶8} The *McCrea* court explained the following at 316-317:

{¶9} "Prior to the filing of a complaint, the procedure set out in the statute is informal and in the nature of an *ex parte* proceeding. Although the commission investigates the charge, it does not seek to receive formal evidence. Unlike the procedure set forth for a post-complaint formal hearing, R.C. 4112.05 does not provide for the swearing of witnesses, the taking of testimony, or the keeping of a record during the preliminary investigation. A determination of no probable cause is one which cannot, therefore, be reviewed on the basis of reliable, probative and substantial evidence. This standard can be applied by a reviewing court only to orders which come about subsequent to or as the result of an evidentiary hearing. In the absence of an evidentiary hearing, there is no evidence to review on appeal-reliable, probative, substantial, or otherwise. To apply this standard to a probable cause determination

would be to create a burden upon the commission where clearly none was contemplated by the legislature."

{¶10} See, also, *Kutz v. Ohio Education Association, et al.* (1995), Franklin App. No. 94APE06-781, wherein our brethren from the Tenth District reviewed a probable cause determination and held the trial court "correctly relied only upon the findings of fact from the commission's determination, rather than examining the full record of the investigation, as urged by appellant."

{¶11} In the case sub judice, appellee Commission determined the following in its determination dated February 24, 2011:

{¶12} "After receiving the charge, the Commission conducted an investigation into Charging Party's allegation against Respondent. During its investigation, the Commission gathered relevant information and contacted relevant witnesses. Based upon its investigation, the Commission found no information or records that would raise an inference that Respondent unlawfully discriminated against Charging Party. As a result, the Commission entered into its records a finding of No Probable Cause.

{¶13} "After the finding of No Probable Cause, Charging Party applied for reconsideration of the Commission's decision. The Commission granted Charging Party's application, and has conducted a reconsideration of its original No Probable Cause decision.

{¶14} "**FINDING OF FACT:**

{¶15} "Upon reconsideration, the Commission re-examined the information gathered during its original investigation, and also reviewed additional information provided by the parties. The reconsideration process also included a review of all the relevant information and relevant witnesses provided by the parties. After

reconsideration, the Ohio Civil Rights Commission still found no information or records that would raise and (sic) inference that Respondent unlawfully discriminated against Charging Party.

**{¶16}** "**DECISION**

**{¶17}** "Based upon its original investigation and the subsequent reconsideration, the Ohio Civil Rights Commission has determined that there is **No Probable Cause** to believe that Respondent engaged in an unlawful discriminatory practice under section 4112 of the Ohio Revised Code and hereby orders that this matter be **DISMISSED**."

**{¶18}** In its judgment entry filed September 30, 2011, the trial court found the following:

**{¶19}** "Pursuant to the *McCrea* standard as refined by *Kutz*, the Court finds that the OCRC's decision is lawful. The decision explicitly found that no information or records before it raised any inference that Aultman Hospital unlawfully discriminated against Ms. Smart. Finding no evidence of unlawful discrimination, the OCRC correctly dismissed Ms. Smart's charge of such discrimination as no probable cause existed that might support a finding that Aultman Hospital had engaged in such conduct.

**{¶20}** "The record in the present action lacks any evidence that the OCRC acted inappropriately. Therefore, this Court finds the OCRC acted appropriately and did not act in an arbitrary, capricious, or irrational fashion."

**{¶21}** Although we can understand appellant's frustrations with the lack of a record to support her argument that probable cause did exist, we nevertheless find the only record is appellee Commission's decision and it does not include the various items within its investigative file. In addition, in reviewing the factual issues argued in the claims against appellee Aultman, we find the claims (invasion of privacy, HIPPA

violations, misuse of medical information) do not qualify under the definition of "Unlawful discriminatory practices" enumerated in R.C. 4112.02.

{¶22} The sole assignment of error is denied.

{¶23} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Edwards, J. concur.


s/ Sheila G. Farmer_____


 s/ Patricia A. Delaney_____


 s/ Julie A. Edwards_____

JUDGES

SGF/sg 516

[Cite as *Smart v. Civ. Rights Comm.*, 2012-Ohio-2899.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MORESETTA SMART | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| OHIO CIVIL RIGHTS COMMISSION, | : | |
| ET AL. | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 2011CA00246 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.  Costs to appellant.

s/ Sheila G. Farmer_____

_s/ Patricia A. Delaney_____

_s/ Julie A. Edwards_____

JUDGES