McCREA, APPELLANT, *v.* OHIO CIVIL RIGHTS COMMISSION ET AL., APPELLEES.

(No. 11579—Decided August 1, 1984.)

*James L. Wagner* and *Judith A. Nicely,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Sherrie J. Passmore,* for appellee Ohio Civil Rights Commission.

*Edwin L. Parms,* for appellee University of Akron.

QUILLIN, J. Complainant, John M. McCrea, appeals from the affirmance by the court of common pleas of the determination made by the Ohio Civil Rights Commission that there was no probable cause to believe that McCrea had been the subject of age discrimination, and the commission's refusal to issue a complaint pursuant to R.C. 4112.05. We affirm.

## Facts

In 1979, the University of Akron advertised for an opening for an associate professor in its department of chemistry. John McCrea responded to the advertisement and submitted a resume and a list of references. After several months, the university notified McCrea that the search committee had not found a suitable candidate among the applicants. In May 1980, the university once more listed the position. McCrea again responded and submitted his resume. The university again did not fill the position and re-advertised the opening in December 1980. McCrea again applied for the job. In February 1981, McCrea was notified that the position had been filled.

McCrea subsequently filed a charge with the Ohio Civil Rights Commission claiming that he had been the subject of unlawful age discriminatory practices by the university. At the time of his initial response to the listing, McCrea was fifty-six years old. The successful applicant was twenty-six years old. After an informal preliminary investigation, the commission determined that there was no probable cause to believe that McCrea had been unlawfully discriminated against because of his age. The commission therefore notified McCrea that it would not file a complaint against the university or otherwise pursue the matter further. McCrea's request for reconsideration was denied.

McCrea appealed the commission's action to the court of common pleas, alleging that the decision was not based upon reliable, probative, or substantial evidence. The court affirmed the decision of the commission. McCrea now appeals to this court, setting forth the following assignment of error:

"The trial court erred in ruling that the decision of the Ohio Civil Rights Commission was supported by reliable, probative and substantial evidence. The trial court's ruling was thus against the manifest weight of the evidence."

## Discussion
### I

At the outset, we believe a brief statement of the procedure involved in a claim brought before the Ohio Civil Rights Commission is necessary to our discussion of the issues presented. The procedure is primarily found in R.C. 4112.05 and 4112.06, and supplemented by Ohio Adm. Code Chapter 4112.

A charge of unlawful discrimination, brought by an individual, is to be made in writing and under oath. R.C. 4112.05(B). The charging affidavit must be filed with the commission within six months after the alleged discriminatory practices are committed. Upon receipt of the charging affidavit, the commission may initiate a preliminary investigation. This informal procedure is conducted by a member or members of the commission staff to examine the factual basis behind the charge and to obtain the information necessary for the commission to determine whether it is

probable that any unlawful discriminatory practices have been engaged in by the respondent. Ohio Adm. Code 4112-3-03.

If the commission determines after such investigation that it is not probable that unlawful discrimination has been engaged in, it must notify the complainant that it will not file a formal complaint in the matter. R.C. 4112.05(B). The commission must state the reasons for its determination that no probable cause exists by setting forth its findings of fact. R.C. 4112.05(H).

If the commission determines that it is probable that unlawful discriminatory practices have been or are being engaged in, the commission will initiate informal conciliatory measures in an effort to reach a settlement through the voluntary elimination of the discriminatory practices. If conciliation fails, the commission shall serve the respondent with a complaint and notice of formal hearing to be held before the commission, a member thereof, or hearing examiner.

At the hearing, testimony is taken under oath, reduced to writing and filed with the commission. R.C. 4112.05(F). If, upon review of all the reliable, probative and substantial evidence, the commission determines that the respondent has or is engaged in discriminatory practices, it will set out its findings of fact and conclusions of law and issue a cease and desist order to the respondent. In addition, the commission may require the respondent to reinstate certain employees, upgrade the employees and award back pay, if appropriate. R.C. 4112.05(G). The commission may, however, conclude from all the reliable, probative and substantial evidence that the respondent has not engaged in any unlawful discriminatory practices. In such a case, the commission will state its findings of fact and issue an order dismissing the complaint. R.C. 4112.05(H).

The final orders of the commission, including its refusal to issue a complaint, are subject to judicial review upon the filing of a petition in the court of common pleas by the aggrieved party. R.C. 4112.06(A). The commission is required to file with the court a transcript of the record of the proceedings at the hearing, including all evidence and proffers of evidence. R.C. 4112.06(B). Judicial review of the commission's orders is based upon the transcript and such additional evidence as the court allows. The commission's findings of fact cannot be disturbed by a reviewing court if such findings are supported by reliable, probative, and substantial evidence. R.C. 4112.06(E). All proceedings to obtain judicial review of a final order of the commission must be commenced within thirty days from service of said order. R.C. 4112.06(H).

II

This appeal presents what we believe to be a question of first impression in this state concerning the proper standard of review to be applied by a reviewing court to the commission's finding of no probable cause. McCrea contends that the finding must be supported by reliable, probative and substantial evidence in the record. We disagree.

Prior to the filing of a complaint, the procedure set out in the statute is informal and in the nature of an *ex parte* proceeding. Although the commission investigates the charge, it does not seek to receive formal evidence. Unlike the procedure set forth for a post-complaint formal hearing, R.C. 4112.05 does not provide for the swearing of witnesses, the taking of testimony, or the keeping of a record during the preliminary investigation. A determination of no probable cause is one which cannot, therefore, be reviewed on the basis of reliable, probative and substantial evidence. This standard can be applied by a reviewing court only to orders which come about

subsequent to or as the result of an evidentiary hearing. In the absence of an evidentiary hearing, there is no evidence to review on appeal — reliable, probative, substantial, or otherwise. To apply this standard to a probable cause determination would be to create a burden upon the commission where clearly none was contemplated by the legislature.

Thus, although the statute requires the commission's investigator to set forth findings of fact in a determination of no probable cause, these findings of fact are not subject to judicial review in the sense that the court can examine the record to see whether the findings are supported by the evidence. Nevertheless, the legislature intended that the commission set forth the factual findings underlying its decision not to issue a complaint and also that this decision would be subject to judicial review. As an appeal of the commission's determination of no probable cause cannot include a review of its findings of fact, the permissible scope of judicial review is brought into sharper focus.

R.C. 4112.05 vests the commission with the responsibility of making the determination of whether or not it is probable that any unlawful discriminatory practices have been engaged in by the respondent. Due to the inherently subjective nature of the concept of probable cause, such a determination necessarily involves the exercise of the commission's specialized knowledge and expertise, good judgment, and sound discretion. It would therefore be wholly improper and contrary to the clear legislative intent for a reviewing court to substitute its judgment for that of the commission. A refusal to issue a complaint on the grounds of a lack of probable cause must, however, have a legal, rational, and defensible basis. In order to successfully withstand judicial review, the refusal to issue a complaint cannot be based upon unlawful, irrational or arbitrary reasons. Thus, except in those rare instances where the commission's factual findings can be challenged without resort to a reevaluation by the court of the evidence, the court's review should be confined to a limited examination of the commission's decision for the purpose of determining whether the findings of fact show sufficient justification for its decision not to issue a complaint. Unless the reviewing court finds that the findings of fact show that the commission's decision not to issue a complaint is unlawful, irrational, arbitrary or capricious, the court should not disturb the commission's action.

Our neighboring states of Kentucky and Pennsylvania have statutory provisions for dismissal of a finding of no probable cause similar to ours. A review of cases decided upon these provisions reveals that these jurisdictions have come to the same result as we do today. In each case, the standard of review applied to the dismissal of a charge for lack of probable cause is whether such dismissal was unlawful, arbitrary and capricious. See *Kentucky Comm. on Human Rights* v. *Fraser* (Ky. 1981), 625 S.W. 2d 852; *Carney* v. *Pa. Human Relations Comm.* (Pa. Commw. 1983), 455 A. 2d 251. Accordingly, we conclude that the standard of reliable, probative and substantial *evidence* is applicable only to post-complaint decisions and orders of the commission. The applicable standard of review for a pre-complaint decision not to issue a complaint for lack of probable cause is whether the *decision* is unlawful, irrational, and/or arbitrary and capricious.

Applying this standard to the instant case, we find that the trial court did not err in affirming the decision of the commission. The commission's findings of fact stated, *inter alia,* that McCrea had not submitted a specific research outline, as did the successful candidate; that the successful can-

318

didate's publications were significantly more recent than were McCrea's; and that the investigator found that McCrea's references were unanimously ill-favored. The commission's conclusion that there was no probable cause to believe that McCrea was unlawfully discriminated against because of his age is, therefore, not irrational, unlawful, arbitrary or capricious. Accordingly, the assignment of error must be overruled. The judgment is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and MAHONEY, J., concur.