## Kallas Enterprises
v.
## Ohio Civil Rights Commission
*[Cite as 3 AOA 237]*

*Case No. 14282*
*Summit County, (9th)*
*Decided May 2, 1990*

*Frances J. Yates and Michael B. Bowler, Attorneys at Law, 277 S. Broadway, Akron, OH 44308, for Plaintiff.*

*Joseph D. Rubino, Asst. Attorney General, 50 W. Broad St., Suite 1718, Columbus, OH 43266, for Defendant.*

CACIOPPO, J.

Kallas Enterprises, Inc. appeals the trial court's judgment affirming the findings of the Ohio Civil Rights Commission.

On May 11, 1987, William Austin, Sr. (Austin) filed a charge of employment discrimination with the Ohio Civil Rights Commission (Commission). Austin alleged that appellant discharged him in violation of R.C. 4112.02(A) because of his race and handicap. Pursuant to R.C. 4112.05 the Commission conducted an investigation and found probable cause for the claim of handicap discrimination and found no evidence to support the charge of racial discrimination.

The Commission issued a formal complaint and on August 29, 1988, had a formal hearing. The examiner heard testimony which included the deposition of Austin's physician. From the pleadings, testimony, exhibits and briefs, the examiner issued findings of fact, conclusions of law and specific recommendations.

The examiner found that on October 29, 1985, appellant employed Austin as a rustproofer at an off-premises location, and transferred Austin to appellant's Custom Trim shop. There, Austin began feeling ill. Austin attributed his symptoms to fumes from rustproofing chemicals and lack of ventilation. Austin alleged that appellant's facility did not have adequate ventilation. Austin and other employees complained to the shop's general manager and to the owner, Kallas. In December 1986, Kallas fired Austin and one week later rehired him.

On April 3, 1987, while cleaning spilled rustproofing material, Austin became sick. He began to perspire and hyperventilate. He told his supervisor and Kallas that he was ill and wanted to see a doctor. Kallas told him to go see a doctor.

Austin's physician diagnosed that Austin suffered from occupational asthma and hyperventilation syndrome. Austin returned to work with a note from his doctor. The supervisor fired Austin. Later, Kallas told Austin that instead of firing him, he would lay him off so he could collect unemployment benefits.

The Commission reviewed the record, the examiners' findings of fact, and recommendations. The Commission found that appellant had discharged Austin for reasons not equally applied to all persons without regard to their handicap, and ordered appellant to cease and desist from all discriminatory practices that were in violation of R.C. 4112. The Commission ordered appellant to reinstate Austin as a rustproofer, and pay Austin's back pay as the law authorized.

Appellant filed an appeal to the Court of Common Pleas and then filed a motion for admission of newly discovered evidence as provided in R.C. 4112.06(D). The court conducted a hearing and denied appellant's motion. Thereafter, the Court reviewed the complete transcript of proceedings and exhibits, and determined that the Commission's findings and orders were supported by reliable, probative and substantial evidence. The trial court affirmed the Commission's order.

Kallas Enterprises appeals.

### ASSIGNMENT OF ERROR I

"The court below erred in finding that the record is supported by reliable, probative and substantial evidence when the record demonstrates that appellant did not engage in any unlawful discriminatory practice in this case."

The function of the Common Pleas Court in an appeal from the Civil Rights Commission is to determine whether the order of the Commission is supported by reliable probative and substantial evidence. *McCrea* v. *Ohio Civil Rights Comm.* (1984), 20 Ohio App. 3d 314, 317. The findings of the Commission as to the facts shall be conclusive if supported by reliable, probative and substantial evidence. R.C. 4112.06(E).

The Ohio Supreme Court has stated that a *prima facie* case of handicap discrimination must show that complainant was a handicapped person within the meaning of R.C. 4112.01(A)(13), that the employer, at least in part, took action because the complainant was handicapped, and that the complainant, though handicapped, can safely and substantially perform the essential function of the job in question. *Hazlett* v. *Martin Chevrolet, Inc.* (1986), 25 Ohio St. 3d 279, 281.

Appellant disputes the fact that Austin was a handicapped person defined in R.C. 4112.01(A)(13). Appellant alleges that he had no knowledge of Austin's condition prior to Austin's termination on April 6, 1987. R.C. 4112.01(A)(13) provides in pertinent part that a handicap is:

"a medically diagnosable, abnormal condition which is expected to continue for a considerable length of time* * * which can reasonably be expected to limit the person's functional ability* * * so that he cannot perform his everyday routine living and working without significantly increased hardship and vulnerability to what are considered the everyday obstacles and hazards encountered by the non-handicapped."

The appellant states that Dr. Demeter, Austin's physician, did not affirmatively testify that Austin was handicapped within the meaning of the statute. Appellant also states that Dr.

Demeter told Austin to return to work with no restrictions or limitations. The Commission's hearing examiner found that, based on Austin's testimony and the deposition of his physician, Austin suffers from asthma or occupational asthma, which is a medically diagnosable abnormal condition and is expected to continue for a considerable length of time. Asthma can reasonably be expected to limit a person's functional ability to breath, causing a person to have severely reduced endurance. We agree with the Commission that even if Austin's sensitivity to the chemicals may be less than asthma, a hypersensitivity to the chemicals can also be a handicap. See *Vickers* v. *Veteran's Administration* (W.D. Wash. 1982), 549 F. Supp. 85.

Appellant disputes that he knew of Austin's handicaps and denied he knew Austin was becoming ill from lack of ventilation. The hearing examiner found the Commission's evidence more credible.

While giving deference to the administrative results as R.C. 4112.06(E) requires, the Common Pleas Court must consider and weigh the evidence at hand. The role of the appellate court in reviewing the determination of the Court of Common Pleas concerning the weight of evidence in an appeal is limited to determining whether the trial court abused its discretion. *Columbus* v. *Ohio Civil Rights Commission* (1985), 23 Ohio App. 3d 178, 180. An abuse of discretion refers to more than a minor error in law or judgment, implying instead that the attitude of the court in its decision was unreasonable, arbitrary or unconscionable. *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219.

Based upon a review of the entire record and relevant statutes, it is clear that the trial court did not act in an unreasonable, arbitrary or unconscionable manner in its determination that the Commission's findings of fact, conclusions of law, and the order, were supported by reliable probative and substantial evidence. Therefore, appellant's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

"The court below erred in not admitting additional newly discovered evidence which is material and relevant to demonstrate that the alleged handicapped person is not entitled to the relief granted."

R.C. 4112.06(D) provides that:

"The court may grant a request for the admission of additional evidence when satisfied that such evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the commission."

The additional evidence appellant offered consisted of two documents concerning Austin's filing for payment of his medical bills through the Worker's Compensation Bureau. The June 30, 1988 document was the Bureau's finding that Austin's medical bills for treatment of tracheal bronchitis which resulted from chemical inhalation should be paid. Also, the Bureau found that there was no evidence to support payment of temporary total disability. The July 17, 1989 document, concerns the withdrawal, without prejudice, of Austin's claim for disability payments. Appellant alleges that Austin filed the claim for temporary total disability. That claim was denied and later withdrawn from consideration. Appellant argues that this evidence rebuts Austin's allegation of being handicapped.

We agree with the trial court's reasoning. Since the claim was withdrawn from consideration, no claim is pending before any governmental body that contradicts the Commission's findings. The evidence was not newly discovered and therefore admissible pursuant to R.C. 4112.06(D). Absent an abuse of discretion, the decision of the trial court to deny a motion to admit newly discovered evidence should not be disturbed.

We find no abuse of discretion and overrule appellant's second assignment of error.

*Judgment affirmed.*

QUILLIN, P.J., and CIRIGLIANO, J., concur.