**MANBECK NURSERIES, INC., Appellee,**

v.

**OHIO CIVIL RIGHTS COMMISSION, Appellant.**

[Cite as *Manbeck Nurseries, Inc. v. Ohio Civ. Rights Comm.* (1994), 93 Ohio App.3d 809.]

Court of Appeals of Ohio,
Auglaize County.

No. 2–93–19.

Decided April 7, 1994.

*Noble, Montague & Moul* and *Kraig E. Noble*, for appellee.

*Lee Fisher*, Attorney General, and *Duffy Jamieson*, Assistant Attorney General, Civil Rights Section, for appellant.

THOMAS F. BRYANT, Judge.

This is an appeal by the Ohio Civil Rights Commission ("commission") from a judgment by the Court of Common Pleas of Auglaize County vacating the commission's final order finding that Manbeck Nurseries, Inc. ("Manbeck") had engaged in unlawful discriminatory practices.

Blas Vasquez Gallo, an individual of Mexican descent, was employed by Manbeck. On May 30, 1989, Gallo filed an affidavit with the commission, charging that Manbeck engaged in discriminatory practices based upon Gallo's national origin. Thereafter, the commission investigated the charge and found probable cause that Manbeck had been engaging in discriminatory practices in violation of R.C. 4112.02(A) and (I). All attempts to eliminate the discriminatory practices by conciliation were unsuccessful and the commission issued a complaint against Manbeck on May 17, 1990.

In December 1990 and January 1991, a hearing was held by a commission hearing officer. Gallo gave his testimony in Spanish and it was translated by an interpreter. Thereafter, the hearing officer issued his report finding that Manbeck had engaged in unlawful discriminatory practices based upon national origin. The commission adopted the hearing officer's report and issued its final order that Manbeck cease and desist from discriminatory practices and that Manbeck submit a certified check for the amount Gallo would have received, less his interim earnings, from May 6, 1989 through May 6, 1991.

On September 8, 1992, Manbeck, pursuant to R.C. 4112.06, appealed the commission's final order to the Court of Common Pleas of Auglaize County. On September 25, 1992, the commission filed a petition for enforcement of its final order. On September 15, 1993, the Court of Common Pleas of Auglaize County entered its judgment vacating the commission's final order and denying the commission's petition for enforcement.

It is this judgment that the commission now appeals to this court. The commission asserts that the common pleas court abused its discretion by vacating the commission's final order.

R.C. 4112.06(E) states:

"The findings of the commission as to the facts shall be conclusive if supported by reliable, probative, and substantial evidence on the record and such additional evidence as the court has admitted considered as a whole."

In *McCrea v. Ohio Civ. Rights Comm.* (1984), 20 Ohio App.3d 314, 316, 20 OBR 416, 418, 486 N.E.2d 143, 145, the court stated:

"Judicial review of the commission's orders is based upon the transcript and such additional evidence as the court allows. The commission's findings of fact cannot be disturbed by a reviewing court if such findings are supported by reliable, probative, and substantial evidence. * * *"

Here, the common pleas court, sitting as a reviewing court, determined that the commission's findings were not based upon reliable, probative and substantial evidence and thus vacated the commission's order. The trial court stated "that it was error for the Civil Rights Commission to use an Assistant Attorney General as an interpreter, it was error to use an interpreter who did not understand the [interpreter's oath] and who clearly did not follow the prescribed oath, it was error to not have a literal interpretation of the words of the witness, and that the cumulative effect of the errors result in the testimony not being sufficiently reliable * * *."

Although we may agree with the common pleas court concerning the translation of Gallo's testimony, the record discloses other evidence, exclusive of Gallo's testimony, that is reliable, probative and substantial and which, if believed, clearly supports the commission's finding that Manbeck had engaged in unlawful discriminatory practices based upon national origin. Specifically, the record discloses that at hearing the commission called four witnesses besides Gallo to testify. These four witnesses all stated that Gallo was routinely subjected to name calling and harassment at Manbeck based upon his national origin and that Manbeck management, although aware of the harassing conduct, did not act to stop it. In short, the record is replete with evidence, other than Gallo's testimony, that supports the commission's final order that Manbeck had engaged in unlawful discriminatory practices.

We hold that the common pleas court arbitrarily reversed the order of the commission by misapplication of law without basis for doing so as shown by the record and, accordingly, the commission's final order should have been affirmed by that court.

Finding error prejudicial to the commission, we reverse the judgment of the Court of Common Pleas of Auglaize County and remand this cause to that court for entry of judgment reinstating and enforcing the commission's final order.

*Judgment reversed*
*and cause remanded.*

SHAW, P.J., and HADLEY, J., concur.