[Cite as *Freeman v. Ohio Civ. Rights Comm.*, 2012-Ohio-4825.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98273**

## EUNICE FREEMAN

PLAINTIFF-APPELLANT

vs.

## OHIO CIVIL RIGHTS COMMISSION, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-768599

**BEFORE:** Jones, P.J., Keough, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 18, 2012

**FOR APPELLANT**

Eunice Freeman, Pro se
3301 East 132nd Street
Cleveland, Ohio 44120


**ATTORNEYS FOR APPELLEES**

**For Ohio Civil Rights Commission**

Mike DeWine
Attorney General

BY: Patrick M. Dull
Assistant Attorney General - Civil Rights Section
30 East Broad Street
15th Floor
Columbus, Ohio 43215

**For AVI Foodsystems, Inc.**

Timothy S. Anderson
Littler Mendelson, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, Ohio 44114

LARRY A. JONES, SR., P.J.:

**{¶1}** This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

**{¶2}** Plaintiff-appellant Eunice Freeman appeals from the trial court's April 10, 2012 final judgment. In that judgment, the trial court affirmed defendant-appellee, the Ohio Civil Rights Commission's ("OCRC" or "the commission") finding that no probable cause existed to issue an administrative complaint against defendant-appellee AVI Foodsystems, Inc. ("AVI"). We affirm.

I. Procedural History and Facts

**{¶3}** Freeman worked in the food service department for the Shaker Heights City School District. In the summer of 2010, the district contracted with AVI for it to be the district's food service provider. In December 2010, Freeman filed a charge with the OCRC alleging that AVI retaliated against her for previously filing a charge of discrimination against the Shaker Heights City School District. Specifically, Freeman claimed that AVI reduced her work hours and failed to promote her.

**{¶4}** In September 2011, the OCRC issued its "letter of determination," in which it stated that it found no credible information supporting Freeman's allegation of unlawful activity. The commission did not find any probable cause to issue an administrative

complaint against AVI, therefore, and dismissed Freeman's charge.

{¶5} Freeman appealed to the common pleas court. She attached various documents to her complaint, which the OCRC motioned to dismiss; the trial court granted the motion. The matter was submitted on briefs, and in its final order, the court affirmed the commission's decision. Freeman now appeals, raising nine assignments of error, which are set forth in the appendix.

## II. Law and Analysis

{¶6} R.C. 4112.05 authorizes the OCRC to accept charges of discriminatory practices. "Upon receiving a charge, the commission may initiate a preliminary investigation to determine whether it is probable that an unlawful discriminatory practice has been or is being engaged in." R.C. 4112.05(B)(2). After completing its preliminary investigation, the commission must either (1) notify the parties that it is not probable that a discriminatory practice has been or is being engaged in and a complaint will not be initiated; or (2) initiate a complaint. R.C. 4112.05(B)(3). If the commission finds that no probable cause exists, it must state the reasons for its determination by setting forth findings of fact. R.C. 4112.05(H). When a complainant is aggrieved by a final order of the commission she may seek judicial review under R.C. 4112.06.

{¶7} In the seminal case regarding the trial court's standard of review, the Ninth Appellate District held that "unless the reviewing court finds that the findings of fact show that the commission's decision not to issue a complaint is unlawful, irrational, arbitrary or capricious, the court should not disturb the commission's action." *McCrea v. Ohio Civ.*

*Rights Comm.*, 20 Ohio App.3d 314, 317, 486 N.E.2d 143 (9th Dist.1984). This court has followed *McCrea*. *See, e.g.*, *Hous. Advocates, Inc. v. Am. Fire & Cas. Co.*, 8th Dist. Nos. 86444 and 87305, 2006-Ohio-4880; *Zafirau v. Ohio Civ. Rights Comm.*, 8th Dist. No. 85882, 2005-Ohio-6361; *Coe v. Cleveland*, 8th Dist. No. 55126, 1989 Ohio App. LEXIS 1000 (Mar. 23, 1989); *Bokel v. Ohio Civ. Rights Comm.*, 8th Dist. No. 55103, 1988 Ohio App. LEXIS 3007 (July 28, 1988).

{¶8} Although Freeman assigns nine errors for our review, her contentions can be categorized as follows: (1) the trial court erred by granting the commission's motion to strike the documentation filed with her complaint; (2) the OCRC's investigator "aided the [OCRC] in an unlawful discriminatory practice"; and (3) the OCRC's attorney "disregarded * * * a legal and binding Union contract between Local 200 and the SHCSD (Board) stipulating the terms [under] which the contracting agent (AVI) had to abide by."

{¶9} We disagree with Freeman's contention that the trial court erred by striking the documentation filed with her complaint. In conducting its review, the trial court was "confined to reviewing the Commission's findings of fact to determine whether sufficient justification is given for not issuing a complaint." *McCrea* at 317. Thus, the trial court's review is "confined to a limited examination of the commission's decision." *Smart v. Ohio Civ. Rights Comm.*, 5th Dist. No. 2011CA00246, 2012-Ohio-2899, ¶ 21. In fact, the record filed in the trial court by the commission as required under R.C. 4112.06(B) consisted solely of its letter of determination. Although R.C. 4112.06(D) allows the trial court to "grant a request for the admission of additional evidence," the

additional evidence must be evidence that was "newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the commission." This case was decided before the commission upon its preliminary investigation and no hearing was had.

{¶10} Moreover, this court has held that:

R.C. 4112.06(D) * * * only applies when an evidentiary hearing has been held by the Commission. * * * Thus, under the relevant standard for reviewing the Commission's no probable cause determination, the common pleas court must base its decision on the record as prepared by the Commission. Therefore, if the common pleas court were to receive "additional evidence" in an appeal for a "no probable cause" finding, it would exceed its proper role on appeal.

(Citations omitted.) *Hous. Advocates*, *supra*, at ¶ 28.

{¶11} In its final order, the trial court stated the following:

The court having reviewed the record affirms the finding issued by the Ohio Civil Rights Commission. [The Commission's] findings of fact suggest an investigation was completed by the OCRC. Subsequent to its investigation the OCRC determined that [Freeman] had not been denied a promotion and had work hours reduced in retaliation for filing a complaint with the [Equal Employment Opportunity Commission] and OCRC against her employer. While [Freeman] disagrees with the OCRC finding [she] has not articulated evidence that the decision was unlawful, irrational, arbitrary, or capricious.

{¶12} Thus, the trial court reviewed under the correct standard — abuse

of discretion — and properly limited its review to the commission's finding. Similarly related to her contention about additional evidence, Freeman also contends that the trial court erred in relying on various "statements" made by the assistant attorney general representing the OCRC. But the trial court's findings were based on its review of the

commission's determination.

{¶13} In light of the above, the trial court's judgment that struck Freeman's documentation was proper, and her contention that the court improperly did not consider all of the relevant evidence, and improperly considered statements made by the commission's counsel,   is without merit.

{¶14} Freeman's second contention is that the commission's investigator participated in unlawful discriminatory conduct.   In support of her contention, Freeman relies on the documentation that was attached to her complaint, which we find that the trial court properly struck.   Our review demonstrates that the trial court properly relied on the record submitted by the commission under R.C. 4112.06(B).   Freeman's contention, therefore, is not well founded.

{¶15} For her third contention, Freeman claims that the commission ignored a contract between her union and the Shaker Heights City School District that set forth the terms under which AVI was to provide food service to the district, and which AVI breached to her detriment.   Freeman's contention did not fall under the purview of the commission, however.

{¶16} Under R.C. 4112.02, the commission is charged with "[r]eceiv[ing], investigat[ing], and pass[ing] upon written charges made under oath of unlawful discriminatory practices" such as "discrimination because of race, color, religion, sex, military status, familial status, national origin, disability, age, or ancestry."   R.C. 4112.02(A)(6) and (7).   The OCRC is not charged with enforcing contractual obligations.

Freeman's contention is therefore not well founded.

**{¶17}** Thus, what this case comes down to is that, after its investigation, the commission "found no information or records that would raise an inference that [AVI] unlawfully discriminated against [Freeman]. Specifically, the [c]ommission found that [Freeman] was not denied a promotion or subjected to reduced work hours." Upon its review, the trial court found that Freeman disagreed with the commission's finding, but did not demonstrate that the finding was "unlawful, irrational, arbitrary, or capricious." "We review a common pleas court's affirmance of a 'no probable cause' finding under an abuse of discretion standard." *Hous. Advocates*, *supra*, at ¶ 19, citing *McCrea*, *supra*.

**{¶18}** Upon such a review, we do not find that the trial court's decision was an abuse of discretion. There was sufficient justification for a "no probable cause" determination. *See McCrea*, *supra*, at 317 ("the court's review should be confined to a limited examination of the commission's decision for the purpose of determining whether the findings of fact show sufficient justification for its decision not to issue a complaint."). Freeman's third contention is therefore without merit.

**{¶19}** In light of the above, all of Freeman's assignments of error are overruled and the trial court's judgment is affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____

____

LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR

## APPENDIX

[I.]   The lower court erred in its decision to grant the defendants['] motion to dismiss my judicial review disregarding the proponderance [sic] of evidence submitted by the appellant.

[II.]   The lower court erred in its reliance on the statement made by the principal assistant attorney general Dull that the defendant AVI Foodsystems, Inc. was not obligated to hire the plaintiff-appellant, when in fact they were per the memorandum of understanding, a legal and binding contract its employer Shaker Heights City Schools (Board) and Local 200 stipulating the terms for outsoucring [sic] the food service department.

Also the fact that I Eunice Freeman, appellant had already been hired by AVI July 13th, 2010.

[III.] The lower court erred in its reliance on the statement made by [the principal assistant attorney general] Dull that the plaintiff-appellant was not retaliated against by AVI by not promoting her with a position and hours that was [sic] already given to her.

[IV.] The lower court erred in its reliance on the statement made by [the principal assistant attorney general] Dull that the Ohio Civil Rights Commission decision finding no probable cause regarding my complaint was not unlawful, irrational, arbitrary and capricious because of the investigator's unfair assistance to the respondent AVI.

[V.] The lower court erred in its reliance on the statement made by [the principal assistant attorney general] Dull that the memorandum of understanding was an agreement between the plaintiff-appellant and AVI Foodsystems, Inc. and that the OCRC does not have jurisdiction over such an agreement, when in fact, again, it was and is part of contract law in the state of Ohio, which is binding and legal to all parties who have signed in agreement of same.

[VI.] The lower court erred in its reliance of statements made by  [the principal assistant attorney general] Dull that additional documents given to the lower court to prove the charge of retaliation should be stricken, when in fact they were automatically part of the record because the plaintiff-appellant had discussed and made them part of the initial charge with the intake person and the investigator at the OCRC on December 29th, 2010, but had not yet obtained the documents that were given to this honorable appeals court and the lower court proving that I Eunice Freeman, plaintiff-appellant was part of the agreement between AVI and the board because my personal information from my personell [sic] file, (disciplinary documents) were attached to said agreement signed and dated by all concerned on August 5th, 2010.

[VII.] The lower court erred in its decision to dismiss my judicial review without regard to a witness statement given to the investigator on October 10th, 2011 confirming the fact that I Eunice Freemen [sic] was not hired back at the same time as other former board employees were, with their same hours and or positions and that I was a supervisor.

[VIII.] The lower court erred in its decision to dismiss my judicial review

because it did not take into consideration the discrepancies in the date of the decision letter from the OCRC, dated September 29th, 2011.   The date of the witness statement that was verbally given over the phone to the investigator on October 10th, 2011 and the date of the envelope the decision letter was mailed in, dated October 13th, 2011 which shows the decision letter was held for almost two weeks before it was mailed.

[IX.] The lower court erred in its decision when it stated that the evidence submitted was not substantial enough to prove my case that the OCRC failed in their duty to be fair and impartial regarding its decision.