[Cite as *Cox v. Dayton Pub. Schools Bd. of Edn.*, 2019-Ohio-2591.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

GEORGIA COX                              :
                                         :
    Plaintiff-Appellant                  :   Appellate Case No. 28261
                                         :
v.                                       :   Trial Court Case No. 2018-CV-2372
                                         :
DAYTON PUBLIC SCHOOLS BOARD              :   (Civil Appeal from
OF EDUCATION, et al.                     :   Common Pleas Court)
                                         :
    Defendant-Appellee                   :

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of June, 2019.

. . . . . . . . . . .

GEORGIA B. COX, 4191 Mapleleaf Drive, Dayton, Ohio 45416
    Plaintiff-Appellant, Pro Se

PATRICK M. DULL, Atty. Reg. No. 0064783, 30 E. Broad Street, 15th Floor, Columbus, Ohio 43215
    Attorney for Defendant-Appellee, Ohio Civil Rights Commission

BEVERLY A. MEYER, Atty. Reg. No. 0063807 and JASON R. STUCKEY, Atty. Reg. No. 0091220, 312 N. Patterson Boulevard, Suite 200, Dayton, Ohio 45402
    Attorneys for Defendant-Appellee, Dayton Public Schools Board of Education

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Cox appeals pro se from the December 14, 2018 order of the trial court affirming the decision of the Ohio Civil Rights Commission ("OCRC"), which dismissed Cox's charge of discrimination against the Dayton Public Schools Board of Education ("DPS"). We hereby affirm the judgment of the trial court.

{¶ 2} By way of background, we note that Cox was employed as a teacher with the Dayton Public School system until she was terminated in December 2013, following her criminal assault of a functionally-impaired student. The matter was submitted to arbitration pursuant to a collective bargaining agreement. After the arbitrator determined that there was good and just cause to support Cox's termination, she filed a pro se motion to vacate, modify, or correct the arbitrator's decision in the trial court. The trial court determined that Cox lacked standing to bring the appeal in the court of common pleas; Cox appealed that determination, and this Court reversed the trial court's judgment and remanded the matter for further proceedings. *Cox v. Dayton Pub. Schools Bd. of Edn.*, 2d Dist. Montgomery No. 26382, 2015-Ohio-620, *aff'd,* 147 Ohio St.3d 298, 2016-Ohio-5505, 64 N.E.3d 977. On remand, the trial court vacated the portion of the arbitrator's award as to the termination of Cox's contract and remanded the matter to DPS for a statutory review under R.C. 3391.16. DPS appealed that order, asserting in part that the issue of whether Cox had waived her R.C. 3319.16 rights was moot, since her teaching license had been permanently revoked after her assault conviction. On July 6, 2018, this Court reversed and vacated the trial court's order vacating a portion of the arbitrator's award. *Cox v. Dayton Pub. Schools Bd. of Edn.,* 2d Dist. Montgomery No. 27613, 2018-Ohio-2656.

**{¶ 3}** In December 2017, Cox filed a charge with the OCRC. On April 26, 2018, the OCRC issued a "Letter of Determination" addressed to Cox's charge of discrimination. The letter concluded that Cox's charge of unlawful discriminatory practices had not been filed within six months of the alleged discriminatory practice, as required by R.C. 4112.05(B)(1), that the OCRC therefore did not have jurisdiction under R.C. Chap. 4112, and that the matter would be dismissed.

**{¶ 4}** On June 7, 2018, the OCRC issued a "Letter of Determination upon Reconsideration," which recounted that the OCRC had originally found that it lacked jurisdiction over Cox's charge of discrimination, but that it had reconsidered that determination at Cox's request. The letter then detailed the OCRC's findings and conclusion as follows:

FINDINGS OF FACT:

Upon reconsideration, the Commission re-examined the information gathered during its original investigation and reviewed additional information provided by Charging Party. After reconsideration, the Commission finds Charging Party was not subject to new harm that occurred within six months from the date she filed her charge. The harm cited by Charging Party in August 2017 was Respondent responding to a legal action related to her 2014 court case contesting the arbitrator's decision concerning her termination. There was no discrete and new act of harm. Charging Party did not apply for a position for which Respondent denied her rehire as alleged by Charging Party.

DECISION:

The Commission determines that there is NO JURISDICTION under Ohio Revised Code Chapter 4112. The Commission hereby orders that this matter be DISMISSED.

{¶ 5} In May and June 2018, Cox filed a "Petition for Judicial Review" and a supplemental petition, in which she asserted that the charge filed with OCRC in December 2017 "was based on an unlawful discriminatory practice that occurred in August 2017 – only about four-months earlier," when DPS refused to rehire her. According to Cox, DPS objected to her rehiring for "arbitrary, capricious, and retaliatory" reasons linked to her race and sex, which "also happened to be reasons she had been targeted for termination initially." Cox concluded that DPS's objection to her rehiring "occurred within the six-month statute of limitation," because the charge filed with the OCRC was not based upon her 2013 termination but was based on DPS's unlawful objection to her rehiring, "as revealed by the Board's August 2017 brief." The brief in question was filed in *Cox*, 2d Dist. Montgomery No. 27613, 2018-Ohio-2656. On July 18, 2018, the OCRC filed the record of its proceedings in the trial court.

{¶ 6} In August 2018, the OCRC filed a brief in the trial court in response to Cox's petitions for judicial review. In its brief, the OCRC stated that its factual findings explained why it declined to pursue Cox's charge, but that it had not conducted an evidentiary hearing or issued legal conclusions. Citing *McCrea v. Ohio Civ. Rights Comm.*, 20 Ohio App.3d 314, 486 N.E.2d 143 (9th Dist. 1984), the OCRC asserted that "when there has been no evidentiary hearing, there can be no 'evidence' to review at all – reliable, probative, substantial, or otherwise." According to the OCRC, *McCrea* held that there are two different standards of review, depending upon whether the OCRC held

an evidentiary hearing on the allegations presented: "With respect to judicial review, the standard of reliable, probative and substantial *evidence* is applicable only to *post*-complaint decisions and orders of the [OCRC]. The applicable standard of review for a court of a *pre*-complaint decision by the [OCRC] not to issue a complaint, because of a lack of probable cause, is whether the *decision* is unlawful, irrational, and/or arbitrary and capricious." (Emphasis sic.) *Id.* at syllabus. The OCRC asserted that since Cox sought judicial review of a decision made without an evidentiary hearing, the proper standard of review was *McCrea's* "unlawful, irrational, arbitrary, or capricious" standard.

**{¶ 7}** The OCRC also asserted that the only document the court should examine was the OCRC's decision itself, which contained the OCRC's findings of fact and explanation regarding why it did not issue a complaint, i.e., the June 7, 2018 "Letter of Determination Upon Reconsideration." The OCRC further asserted that Cox's administrative appeal should be denied:

> In her Petition, Ms. Cox argues that her charge was timely because she alleged a "new" harm within the statutory six-month period. She claims that, ***during the appeal of a civil action between them***, Dayton Public Schools voiced an objection to rehiring her. * * * Ms. Cox's logic seems to be that, because Dayton Public Schools announced in court filings an objection to rehiring her (due to her teaching license being permanently revoked), that a "new" harm had somehow occurred to her. * * *
>
> This argument is simply an attempt to slip a long-untimely allegation – Ms. Cox's 2013 termination – within the Commission's six-month jurisdiction. But, of course, simply mentioning that Dayton Public Schools

cannot rehire Ms. Cox due to the permanent revocation of her license does

not create a "new harm" over which the Commission has jurisdiction.

(Emphasis sic.)   The OCRC attached an Appendix listing Ohio appellate cases that have adopted the *McCrea* standard of review "for 'no probable cause' decisions" made by the OCRC.

{¶ 8}   On September 5, 2018, OCRC moved to dismiss DPS and its attorney from the case, asserting that the OCRC was "the only proper Appellee" in a petition for judicial review of an OCRC finding that it lacked jurisdiction.   On October 9, 2018, the court granted the motion to dismiss.

{¶ 9}   On October 10, 2018, Cox filed a brief in the trial court.   She asserted that her charge clearly stated that the date of the unlawful act was August 21, 2017, and that OCRC incorrectly applied the date of the alleged discriminatory act in reaching its conclusion.   Specifically, Cox argued that she applied for a position, DPS refused to rehire her, and her December 27, 2017 charge filed with the OCRC explicitly noted she had been subjected to adverse action "taken as late as 08/21/2017" on the basis of sex and race and to retaliation after she asserted that her rights had been violated. According to Cox, her "wrongful termination" "necessitated her rehiring" at the later date on which her charge was based.   She also alleged that DPS "deceitfully" used the administrative appeal to raise a new controversy – the doctrine of mootness as a defense. She asserted that neither the OCRC nor the trial court could "continue to justify" the conclusion that her charge of discrimination "was not filed for a qualifying violation of law," when the DPS refused "to rehire her against a direct court order."   Cox attached the following items to her brief: an "addendum" to her December 27, 2017 Charge Form

(attachment 1); the trial court's May 15, 2017 "Decision, Entry and Order Vacating Portion of Arbitrator's Award" (attachment 2); the August 21, 2017 "Brief of Defendant/Appellant Dayton Public Schools Board of Education" (attachment 3); and this Court's July 6, 2018 Opinion on DPS' appeal from the trial court's May 15, 2017 decision, *Cox,* 2d Dist. Montgomery No. 27613, 2018-Ohio-2656 (attachment 4).

{¶ 10} The OCRC filed a motion to strike attachments 1 and 3 from Cox's brief, asserting that they were not in the record before the trial court. The trial court granted this motion.

{¶ 11} On October 15, 2018, an OCRC filed an updated brief asking that it "supplant its earlier one." In this brief, The OCRC argued that the trial court should only examine the OCRC's June 7, 2018 "Letter of Determination upon Reconsideration," because Cox's petition relied solely upon the OCRC's final order and its "discretionary decision" that DPS did not engage in a " 'new' employment action" against Cox within the six-month period prior to the filing of her charge." The OCRC asserted that it "decided that arguments made by [DPS] to an appellate court were not 'new' employment actions against Ms. Cox," and this decision was why OCRC "opted not to sue." The OCRC also asserted that its decision was "not a legal finding on the underlying merits of the allegations in the charge * * * [but] it simply disclose[d] the [OCRC]'s reason for not issuing an administrative complaint accusing an employer of unlawful discrimination." The OCRC argued that it "sufficiently explained its decision not to sue when it determined [DPS's] August 2017 appellate brief was not a 'new act' of employment harm, but was instead just a legal argument proposing that re-employment was a moot point due to the revocation of Ms. Cox['s] teaching license, and that because it sufficiently explained its

decision, the decision was "not 'unlawful, irrational, arbitrary, or capricious.' "

{¶ 12} On October 29, 2018, Cox filed an objection to OCRC's motion to strike attachments 1 & 3 to her brief, asserting that the court ruled on OCRC's motion without allowing her time to respond, in violation of Mont. Co. C.P.R. 2.05(B)(2)(b). She further argued that attachment 1 was "proof that she did not file a charge regarding a termination matter, which had occurred years ago," but that the charge "filed in December 2017, was specific to action that occurred in August 2017, concerned a refusal to hire matter, and was timely filed." Cox attached her Charge of Discrimination, its addendum, and DPS's August 21, 2017 brief.

{¶ 13} Also on October 29, 2018, Cox filed a reply brief, wherein she asserted that "the application documents need to be examined. It is only by examining all pages of the application that the court can justly ascertain an objective standard of truth regarding what Appellant applied for." Cox argued that she was not rehired "under the pretext that her license had been revoked," and the "charge filed with the OCRC spoke to a refusal to hire." She argued that in "2013 the pattern of discrimination involved a contractual matter. Here the pattern does not and the OCRC and EEOC are authorized to grant relief."

{¶ 14} On October 30, 2018, the OCRC filed a motion to strike "Discovery Documents 1 and 2," which were attached to Cox's October 29, 2018 motion; these were the charge Cox filed with the OCRC in December 2017 and DPS's brief filed in *Cox*, 2d Dist. Montgomery No. 27613, 2018-Ohio-2656, which previously had been attached to Cox's brief as attachments 1 and 3 and had been stricken from the record by the trial court.

{¶ 15} On November 13, 2018, Cox opposed the motion and also filed a motion to compel OCRC to submit evidence in support of its findings. She asserted that the information the OCRC "gave to support its findings relate back directly to the charge application, and the Board's August 21, 2017 Brief that triggered the charge" and that the documents would prove that the OCRC's dismissal of the charge was "neither legal, nor rational, but [was] indefensible, unlawful, irrational, arbitrary and capricious; and must therefore, be disturbed by being set aside." Cox further argued that "[s]uppressing, striking, or in any other way disallowing evidence proving [OCRC's] falsehood, would be an abuse of discretion, and miscarriage of justice." Specifically, Cox argued that, in OCRC's June 7, 2018 Letter of Determination, it stated that she "did not apply for a position for which [DPS] denied her rehire as alleged by Charging Party," and that the trial court was required to "establish the truth about the disputed fact, and substantiate just what the claim on the charged application was before it accept[ed] the [OCRC's] decision as lawful and reliable." Cox asserted that the OCRC's opposition to the documents suggested "a lack of sufficient reason for believing the basis of their statement regarding their findings of fact."

{¶ 16} On November 15, 2018, the OCRC opposed Cox's motion to compel it to submit evidence. Citing R.C. 4112.05(H), the OCRC asserted that the trial court's review was "limited to determining whether the [OCRC] satisfied its statutory obligation of 'stat[ing] its findings of fact' that support its decision not to issue a complaint." It also asserted that, "[i]n addition to Ms. Cox's arguments being wrong, this Court has already struck the very documents she seeks to compel, and there is currently a motion to strike these same documents from another of Ms. Cox's filings."

**{¶ 17}** On November 19, 2018, the court granted OCRC's motion to strike "Discovery Documents 1 and 2." The trial court noted that this court has held that review of additional documents during the judicial review of an OCRC decision pursuant to R.C. 4112.06(D) is only permissible when the OCRC has held an evidentiary hearing. As such, the court concluded that the documents attached to Cox's October 29, 2018 motion should be stricken from the record.

**{¶ 18}** On November 26, 2018, Cox filed a reply to the OCRC's response to her motion to compel. On November 28, 2018, the court overruled Cox's motion to compel OCRC to submit evidence, noting that "the court is limited to the record from the administrative hearing officer."

**{¶ 19}** On December 14, 2018, the trial court affirmed the decision of the OCRC, basing its decision on the record provided by the OCRC, which consisted of the OCRC's June 7, 2018 letter of determination upon reconsideration; it did not consider any "supplemental evidence existing outside of the record provided by either party." The court looked to R.C. 4112.05 to determine whether the OCRC "sufficiently explained the rationale for failing to find discrimination had occurred" by DPS. The court noted that the OCRC determined that it did not have jurisdiction over Cox's allegations because "she was not subject to a new harm that occurred within six months from the date she filed her claim," and it "did not issue an administrative complaint or hold an evidentiary hearing" concerning Cox's allegations. The court noted that the "Ohio Supreme Court has determined [the OCRC] has discretion whether to issue a complaint after an investigation."

**{¶ 20}** The trial court further concluded as follows:

Utilizing the standard set forth in *McCrea*, the court's review of the [OCRC's] findings will focus on whether or not the decision is "unlawful, irrational, arbitrary or capricious." The [OCRC's] decision states that [Cox] has not been subject to a new harm within six months of filing her charge, as [Cox's] termination occurred in 2013. [Cox] contends that "objecting to rehire her, through tactics to obstruct justice, occurred within the six-month statute of limitation." Also, [Cox] argues that "[DPS] was objecting to rehire her based on arbitrary, capricious, and retaliatory measures linked to her race, and sex which just also happened to be reasons she had been targeted for termination initially." After reviewing the transcript,[1] the court finds that the evidence supports the [OCRC's] finding that [Cox] had not been subjected to a new harm within six months of filing her charge and that [Cox's] complaint stems from the 2014 legal action filed against the school regarding her termination. Furthermore, the [OCRC] stated that [Cox] did not apply for a position for which [DPS] denied her rehire as alleged. Upon a review of the transcript and the arguments of the parties, the court finds that the [OCRC's] decision was not unlawful, irrational, arbitrary, or capricious and was supported by competent, probative evidence. * * *

{¶ 21} Cox asserts four assignments of error on appeal, which we will consider together. They are as follows:

THE TRIAL COURT ERRED IN CONFLATING QUESTIONS OF

---

[1] The record does not contain a transcript.

LAW UNDER R.C. SECTIONS 3319 & 2711 TRIGGERED IN JANUARY 2013 TERMINATION WITH CONTROVERSY OF DISCRIMINATION UNDER R.C. SECTION 4112 FILED IN DECEMBER 2017.

THE TRIAL COURT ERRED IN FAILING TO ADMIT INTO EVIDENCE AND CONSIDER THE MATERIAL IMPACT OF THE EVIDENCE PROVING APPELLEE'S CLAIM THAT THE COMMISSION LACKED JURISDICTION IS UNSUPPORTED {SIC].

THE TRIAL COURT ERRED IN GIVING DEFERENCE TO THE APPELLEE'S FALSE ASSERTION, AND RELIED ON THE ADVERSE IMPACT OF THE FALSEHOOD TO REACH ITS DECISION.

THE TRIAL COURT ERRED IN ITS INTERPRETATION AND APPLICATIONS OF DECISIONS AND RULINGS IN *MCCREA V. CIV. RIGHTS COMM.,* 20 OHIO APP.3D 314, 317, 487 N.E.2D 143 (1984) AND *STATE EX REL. WESTBROOK V. OHIO CIV. RIGHTS COMM'N.*, 17 OHIO ST.3D 215, 217, (1985).

**{¶ 22}** In her first assignment of error, Cox asserts that the question of law that was raised with the trial court concerned the charge she filed with the OCRC in December 2017, which was triggered by an event that occurred in August 2017. She asserts that it did not concern the termination of her teaching contract in January 2013, her June 28, 2013 conviction, or her subsequent sentence. According to Cox, DPS explicitly stated their "mootness claim" arose from "the outcome of a criminal trial and not a civil-arbitration matter." She argues that the trial court's "failure to look to the record during its administrative review allowed the error to slip by unaddressed and adversely impacted

the court's decision and order." Cox asserts that the OCRC and the trial court relied upon the "mootness claim" in reaching their decisions.

{¶ 23} Cox also argues that the trial court "created an artificial and misleading discrimination charge date" by treating January 2013 as the "charge trigger date," rather than December 2017. Cox asserts that the "mootness claim was used to refuse to rehire her" after DPS's "defenses under §§ 3319 & 2711 had run their course, and to offer legalistic reason and basis on which to base a reason to rationalize her unjust termination. The arbitration and statutory hearing had nothing to do with a mootness doctrine." Cox directs our attention to this court July 6, 2018 opinion, *Cox*, 2d Dist. Montgomery No. 27613, 2018-Ohio-2656.

{¶ 24} Cox asserts that the DPS's 2017 brief in a prior appeal clearly stated that "the 2013 criminal charge and conviction were what caused the revoking of Ms. Cox's teaching license." Cox argues that the "introduced 'mootness claim' is not only linked to the outcome of an unjust criminal trial, raised as a pretext to not rehire Ms. Cox; it is further veiled in its discriminatory nature by the use of an African American lawyer to mask its intent." Cox argues that the introduction of the mootness claim in the brief "marked a new harm"; therefore, the date that claim was raised was the correct and applicable date of the alleged unlawful discriminatory practice, and not some date tied to unrelated issues earlier." Cox argues that the OCRC "did not lack jurisdiction over the matter."

{¶ 25} Cox argues that the OCRC's "apparent perception that it had discretion to act is not consistent with law. Options the statute affords the Commission are to act proactively, or to choose to act either informally or formally R.C. §§ 4112.05(A)(2) or (B)(2) [sic]. The decision to do nothing, formulate a misrepresentation and offer it as factual is

not an option."

{¶ 26} Cox asserts that DPS "knows Ms. Cox did not * * * assault anyone as was alleged," that she was a well-trained educator, and that she could have served DPS in "many other ways" than in a classroom. Cox argues that "the finding [in one of our prior opinions] to vacate the arbitrator award did not necessitate that Ms. Cox return to the classroom; what the decision represented most of all was that she had regained her right to gainful employment." Finally, Cox asserts that OCRC should have "focused its attention" on the "unlawful discriminatory action that occurred on August 21, 2017," rather than asserting "the mootness claim" and choosing "to make the prior incident its starting point, and in so doing created a quagmire."

{¶ 27} In her second assignment of error, Cox asserts that "[c]ritical to the decision making and judgment in this matter is the need to determine the truth of the charge filed in December 2017. She argues that a "decision-making party would need to study and appreciate" the charge Cox filed in December 2017 and the DPS's August 2017 brief that precipitated the charge "to reach a just decision."

{¶ 28} In her third assignment of error, Cox asserts that OCRC "failed to exercise its mandate. It unjustifiably claimed that it lacked jurisdiction" to, in effect, prevent DPS's discriminatory practices.

{¶ 29} In her fourth assignment of error, Cox asserts that applying "the legal standard stipulated in the *McCrae* ruling," as advocated by DPS, would mean the court's examination of the OCRC's findings of fact would be "limited," rather than "relatively exhaustive."

{¶ 30} The OCRC responds that Cox's "brief addresses many issues unrelated to

this appeal. Indeed, the bulk of her brief addresses her employment termination, the arbitration process contesting that termination, and her conviction for assault. Although she tries to inject those issues here, this appeal does not directly concern any of them." The OCRC asserts that Cox believes that the trial court's May 15, 2017 decision "was, in effect, an order forcing the School to rehire her. * * * In fact, the court did not order rehire; instead, it held that Ms. Cox did not waive statutory review of her termination, and so she should be afforded that review on remand." According to the OCRC, after this court reversed the trial court, "the original arbitrator's decision affirming Ms. Cox's termination was reinstated."

{¶ 31} The OCRC asserts that R.C. 4112.05(B)(1) required Cox to file her charge within six months of an alleged unlawful employment practice, but the OCRC concluded that no adverse employment action had occurred within the six months preceding her December 2017 charge. The OCRC asserts that the trial court did not abuse its discretion when it affirmed the OCRC's decision.

{¶ 32} The OCRC argues that DPS's argument in its August 21, 2017 brief "was not an employment harm." OCRC further argues that, because it did not hold an evidentiary hearing or issue a complaint, "there was no 'evidence' for the lower court to review on appeal," and Cox was properly prohibited from attempting to introduce so-called "additional evidence."

{¶ 33} The OCRC asserts that Cox's third assignment of error must be overruled "[b]ecause of the 'limited examination' required when [the OCRC] has not held an evidentiary hearing."

{¶ 34} Finally, regarding her fourth assignment of error, OCRC asserts that Cox

"wants the reviewing court to review [the OCRC's] *underlying investigation*, rather than review the *findings of fact* that [it] is required by statute to provide," but she gives "no reason for this 'exhaustive' review," and *McCrea* requires a limited review.

{¶ 35} In reply, Cox asserts that the OCRC "was obliged to make a 'probable' or 'not probable' decision"; it did not do so and thus acted unlawfully. "Instead it made a 'no jurisdiction' determination," which was not one of the options available to it. According to Cox, the determination of lack of jurisdiction was unlawful because it was "not based on direct evidence noted on the charge" she filed with the OCRC; it was "based on *alternative relevant facts* that [the OCRC] formulated." Cox also asserts that, notwithstanding the OCRC's assertions that this case does not relate to her termination, arbitration, or conviction, "it would have been negligent to not give them the attention they were given. The lower level court introduced them as contextual issues, and enjoyed their prejudicial impact in its decision-making." She asserts that the OCRC failed to provide "a reasoned analysis of how and why it had linked" Cox's 2017 charge with the 2013 and 2014 incidents.

{¶ 36} Although dismissed from the case, DPS filed a brief. However, since DPS is not a party to this appeal, we decline to consider its brief.

{¶ 37} We agree with the OCRC that Cox's arguments regarding her conviction, termination, and arbitration are not properly before us, and we will not consider them.

{¶ 38} R.C. 4112.05 provides:

(A)(1) The commission, as provided in this section, shall prevent any person from engaging in unlawful discriminatory practices.

* * *

(B)(1) Any person may file a charge with the commission alleging that another person has engaged or is engaging in an unlawful discriminatory practice. In the case of a charge alleging an unlawful discriminatory practice described in division (A), (B), (C), (D), (E), (F), (G), (I), or (J) of section 4112.02 or in section 4112.021 or 4112.022 of the Revised Code, the charge shall be in writing and under oath and shall be filed with the commission within six months after the alleged unlawful discriminatory practice was committed. * * *

* * *

(2) Upon receiving a charge, the commission may initiate a preliminary investigation to determine whether it is probable that an unlawful discriminatory practice has been or is being engaged in. * * *

(3)(a) Unless it is impracticable to do so and subject to its authority under division (B)(3)(d) of this section, the commission shall complete a preliminary investigation of a charge filed pursuant to division (B)(1) of this section that alleges an unlawful discriminatory practice described in division (H) of section 4112.02 of the Revised Code, and shall take one of the following actions, within one hundred days after the filing of the charge:

(i) Notify the complainant and the respondent that it is not probable that an unlawful discriminatory practice described in division (H) of section 4112.02 of the Revised Code, has been or is being engaged in and that the commission will not issue a complaint in the matter;

(ii) Initiate a complaint and schedule it for informal methods of

conference, conciliation, and persuasion, or alternative dispute resolution;

(iii) Initiate a complaint and refer it to the attorney general with a recommendation to seek a temporary or permanent injunction or a temporary restraining order. * * *

* * *

**{¶ 39}** As noted by the Ohio Supreme Court:

We would emphasize that R.C. 4112.05(B) states that the commission *may* initiate a preliminary investigation. Thus, the preliminary investigation is not mandatory. R.C. 4112.05(B) also provides actions that should be taken subsequent to this investigation. These additional requirements need be satisfied *only* if the preliminary investigation is initiated. If no preliminary investigation is held, then the additional requirements need not be met. Since the commission has discretion in determining whether an investigation must be made, there is no absolute duty to make a probable cause determination. Likewise, the commission has discretion in determining whether to issue a complaint after an investigation.

*State ex rel. Westbrook v. Ohio Civ. Rights Comm.*, 17 Ohio St.3d 215, 216, 478 N.E.2d 799 (1985).

**{¶ 40}** R.C. 4112.06, which governs judicial review of a final order of the OCRC, provides in part that the "court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the

commission." R.C. 4112.06(D). This provision only applies, however, when the OCRC has held an evidentiary hearing. *Murray v. Ohio Civ. Rights Comm.*, 2d Dist. Montgomery No. 9389, 1986 WL 2653, *5.

{¶ 41} We agree with the trial court and the OCRC that where, as here, the OCRC did not hold an evidentiary hearing or issue an administrative complaint, the standard of review is set forth in *McCrea* as follows:

> * * * In order to successfully withstand judicial review, the refusal to issue a complaint cannot be based upon unlawful, irrational or arbitrary reasons. Thus, except in those rare instances where the commission's factual findings can be challenged without resort to a re-evaluation by the court of the evidence, the court's review should be confined to a limited examination of the commission's decision for the purpose of determining whether the findings of fact show sufficient justification for its decision not to issue a complaint. Unless the reviewing court finds that the findings of fact show that the commission's decision not to issue a complaint is unlawful, irrational, arbitrary or capricious, the court should not disturb the commission's action.

*McCrea,* 20 Ohio App.3d at 317, 486 N.E.2d 143.

{¶ 42} We conclude that the trial court correctly confined its review to the record as filed by the OCRC, namely the June 7, 2018 Letter of Determination upon Reconsideration. We further conclude that the trial court did not err in applying the unlawful, irrational, arbitrary, or capricious standard of review to the OCRC's order dismissing Cox's charge of discrimination. Finally, we conclude that the trial court did

not err by ruling that the OCRC's order was not unreasonable, irrational, arbitrary or capricious. Cox asserted that "an unlawful discriminatory practice" occurred on December 21, 2017, when DPS filed its brief asserting that her license had been permanently revoked, rendering further review of her termination moot. The OCRC determined that DPS's argument was not a "discrete and new act of harm" to Cox over which it had jurisdiction, and the trial court correctly found sufficient justification for the OCRC's decision not to conduct an evidentiary hearing or issue a complaint.

**{¶ 43}** For the foregoing reasons, Cox's assigned errors are overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies sent to:

Georgia B. Cox
Patrick M. Dull
Beverly A. Meyer
Jason R. Stuckey
Hon. Mary Katherine Huffman